Simpson SARTIN, Jr., Plaintiff-Appellant,

v.

The COMMISSIONER OF PUBLIC SAFETY OF the STATE OF MINNESOTA et al., Defendants-Appellees.

No. 75–1482.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1976.

Decided May 5, 1976.

J. B. Wolfson, Minneapolis, Minn., for plaintiff-appellant; Lawton, Joyner & Schivone, Osseo, Minn., on brief.

Frederick S. Suhler, Jr., Sp. Asst. Atty. Gen., St. Paul, Minn., and Thomas B. Humphrey, Jr., Asst. Anoka County Atty., Anoka, Minn., for defendants-appellees; Warren Spannaus, Atty. Gen., Peter W. Sipkins, Sol. Gen., and Frederick S. Suhler, Jr., Sp. Asst. Atty. Gen., St. Paul, Minn., on brief.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

HEANEY, Circuit Judge.

Simpson Sartin, Jr., appeals from an order of the United States District Court for the District of Minnesota dismissing his complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b). The appellant's complaint alleged multiple deprivations of his civil rights. We reverse the order of the District Court in part and remand the cause for further proceedings.

The appellant is a black man married to a white woman. He alleges that while he and his wife were driving their automobile on a public highway, they were harassed by appellee Robert K. Mickelson, an off-duty

Minnesota highway patrolman. He further alleges that he was subsequently unlawfully arrested by Mickelson on the charge of operating a motor vehicle while under the influence of an alcoholic beverage.[1] After the arrest, Mickelson took Sartin to the Fridley Police Station for tests to determine whether Sartin was under the influence of alcohol. Mickelson did so pursuant to Minnesota's implied consent law, M.S.A. § 169.-123, which requires any person who drives a motor vehicle upon the public highways of the state to submit to either a blood, urine or breath examination or suffer revocation of his driver's license. There is a factual dispute whether the appellant was offered the options available under the law. It is clear, however, that he refused to submit to any of the examinations demanded by appellee Mickelson. He was released from custody immediately after refusing to take the tests.

Subsequently, Sartin was notified by appellee K. A. Dirkzwager, the Deputy Commissioner of Public Safety of the State of Minnesota, of the state's intention to revoke his driver's license. Sartin was also informed that he could request a hearing in the Probate-County Court within twenty days to contest the revocation. The appellant, through his attorney, made the necessary request.

The hearing was set for trial on a date certain, but neither Sartin nor his attorney appeared. The revocation was sustained by an order of default. Sartin's appeal from that order was not perfected because he failed to pay the necessary five dollar filing fee required by M.S.A. § 357.07. The appellant was then notified by the Minnesota Department of Public Safety that his driver's license would be revoked for a period of six months effective October 24, 1974.

Prior to the revocation, Sartin was tried and acquitted by a jury on the criminal charge of operating a motor vehicle while under the influence of an alcoholic beverage.

On December 31, 1974, Sartin commenced the instant cause in the District Court against the Commissioner of Public Safety of Minnesota, the Deputy Commissioner of Public Safety, Robert K. Mickelson, the Clerk of the District Court of Anoka County, Minnesota, and other unnamed defendants. He contended that he was discriminated against by these public officials because he, a black man, is married to a white woman. This discrimination was manifested, he alleged, by the revocation of his driver's license without due process, and by the fact that he was the victim of malicious prosecution and false arrest. He asked, in substance, that his driver's license be reinstated, that his state appeal from the order of revocation be filed, that the charges brought by the Commissioner of Public Safety be dismissed, that he be awarded compensatory damages against the Commissioner and his agents of $10,000 for deprivation of due process, and that he be awarded compensatory damages against Mickelson for malicious prosecution and false arrest. The District Court dismissed Sartin's action on the grounds of res judicata, collateral estoppel and comity.

■ The dismissal of Sartin's due process claim against all of the appellees was proper. The appellant was provided notice and an opportunity to challenge the revocation of his driver's license. *See Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); M.S.A. § 169.123. As we said in *Rhodes v. Meyer,* 334 F.2d 709, 714 (8th Cir.), *cert. denied,* 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186 (1964):

> [T]his court doubts that it is the intention of the Civil Rights Act to allow a person knowledgeable of the procedures of the law to ignore his chance to have an error corrected and then attack the administrators of justice who were denied the opportunity to correct the error in an action for * * * damages.

■ The dismissal of the malicious prosecution claim against Mickelson is also af-

---

1. There is a factual dispute whether Mickelson or another officer made the arrest of Sartin. From a dismissal on the pleadings, the facts alleged in the complaint must be accepted as true.

firmed. The issue of whether a malicious prosecution infringes on protected constitutional rights is undecided,[2] and we will not, upon the mere allegation of constitutional deprivation, determine the issue without briefing and argument. *United States v. Phillips*, 433 F.2d 1364, 1366 (8th Cir. 1970), *cert. denied*, 401 U.S. 917, 91 S.Ct. 900, 27 L.Ed.2d 819 (1971).[3]

The District Court dismissed Sartin's claim against Mickelson for false arrest, brought under 42 U.S.C. § 1983, because:

> Under the principles of res judicata, collateral estoppel and comity of law, the Court must conclude that this case is not properly in Federal court. The [appellant] had ample opportunity to raise his complaints of illegal arrest  *  *  * within the State court system. Having failed to do so, he has no recourse in this Court.

■ Officer Mickelson did not plead res judicata or collateral estoppel in the District Court. Accordingly, those affirmative defenses were not available to him in that court and are not available here.[4] *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607 n.19, 95 S.Ct. 1200, 1209, 43 L.Ed.2d 482, 494 (1975); Federal Rule of Civil Procedure 8(c). Moreover, exhaustion of state judicial remedies is not a prerequisite to the maintenance of a civil rights action in federal court. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

■ We must, however, consider whether the District Court properly refrained from exercising its powers under the doctrine of equitable restraint as recently announced in *Huffman v. Pursue, Ltd., supra. Huffman* teaches that when federal relief is sought after the initiation of state judicial proceedings and before the exhaustion of state appellate remedies, the federal court must refrain from exercising its powers if federal post-trial intervention would annul the results of the state proceedings.[5] This is the rule in criminal as well as civil proceedings which are in aid of and closely related to criminal statutes. *Id.* at 604–611 (1975); *Williams v. Williams et al*, 532 F.2d 120 (8th Cir. 1976).[6]

■ In the light of our disposition of Sartin's due process claim, there is no basis upon which his requests for equitable relief can be granted. Accordingly, we need consider only the effect which a grant of monetary relief would have upon the state proceedings.

The granting of money damages for false arrest would not annul the results of the state proceedings. Indeed, Sartin's action in federal court against Mickelson pursuant to 42 U.S.C. § 1983 is his remedy at law.[7] The doctrine of equitable restraint is inapplicable. *See Huffman v. Pursue, Ltd. supra*, 420 U.S. at 603–605, 95 S.Ct. at 1207–1208, 43 L.Ed.2d at 491–492; *Samuels v.*

---

**2.** *Compare Paskaly v. Seale*, 506 F.2d 1209, 1212 (9th Cir. 1974), *with Nesmith v. Alford*, 318 F.2d 110, 126 (5th Cir. 1963) (dictum), *cert. denied*, 375 U.S. 975, 84 S.Ct. 489, 11 L.Ed.2d 420 (1964).

**3.** Sartin appears to allege, in addition to a constitutional wrong of malicious prosecution, the common law tort of malicious prosecution pursuant to state law. On remand, he is free to pursue this theory of recovery under the District Court's pendent jurisdiction.

**4.** The affirmative defense of collateral estoppel could not have been asserted in any event. It is impossible to determine from the record what issues of fact were actually litigated and determined in the state court proceedings. *See Stebbins v. Keystone Insurance Company*, 156 U.S.App.D.C. 326, 481 F.2d 501, 506, 507 n. 13 (D.C.Cir.1973).

**5.** The federal court should not remit a plaintiff to the state proceedings when adequate vindication of the constitutional rights asserted cannot be assured. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Younger v. Harris*, 401 U.S. 37, 46–49, 91 S.Ct. 746, 751–753, 27 L.Ed.2d 669, 676–678 (1971). This is not the case here.

**6.** For a discussion of *Huffman v. Pursue, Ltd., supra*, see *The Supreme Court, 1974 Term*, 89 Harv.L.Rev. 47, 154 (1975).

**7.** Sartin could have raised the issue of whether his arrest was constitutional in the state revocation hearing as a defense. It does not appear that he could have received affirmative relief.

*Mackell,* 401 U.S. 66, 72, 91 S.Ct. 764, 767, 27 L.Ed.2d 688, 693 (1971); *Younger v. Harris,* 401 U.S. 37, 43, 91 S.Ct. 746, 750, 27 L.Ed.2d 669, 675 (1971); *California Diversified Promotions, Inc. v. Musick,* 505 F.2d 278, 284 (9th Cir. 1974). Moreover, since the state proceedings are closed, there is no occasion to defer to the principles of comity which recognize "that state courts have the solemn responsibility, equally with the federal courts 'to guard, enforce, and protect every right granted or secured by the Constitution of the United States. . . . ' " *Steffel v. Thompson,* 415 U.S. 452, 460–461, 94 S.Ct. 1209, 1216, 39 L.Ed.2d 505, 515 (1974). The determination of the constitutional issue by the District Court will not interfere with the function of the state's courts.[8] Rather, the District Court will be acting in the fulfillment of its role as the primary guarantor of constitutional rights against exercises of state power. As stated by the Supreme Court in *Mitchum v. Foster,* 407 U.S. 225, 239, 92 S.Ct. 2151, 2160, 32 L.Ed.2d 705, 715 (1972) (footnote omitted):

> Section 1983 opened the federal courts to private citizens, offering a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitution and laws of the Nation.

Finally, the exercise of jurisdiction by the District Court will not interfere with any legitimate activity of the state. *See Younger v. Harris, supra,* 401 U.S. at 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669, 675.

■ The appellant's complaint is sufficient to state a cause of action. *Barnes v. Dorsey,* 480 F.2d 1057, 1060 (8th Cir. 1973). An arrest without probable cause is violative of rights secured by the Constitution and can be the basis of recovery pursuant to 42 U.S.C. § 1983. *Linn v. Garcia and Mally,* 531 F.2d 855, 860–861 (8th Cir. 1976); *Giordano v. Lee,* 434 F.2d 1227, 1230 (8th

Cir. 1970), *cert. denied,* 403 U.S. 931, 91 S.Ct. 2250, 29 L.Ed.2d 709 (1971). Sartin's damage claim for false arrest having been improperly dismissed, that part of the appellant's cause is remanded to the District Court for further proceedings.[9]

---

8. Since the state judicial proceedings are closed, we have no occasion to determine whether a concurrent federal proceeding which raised common issues but which could not annul the judgment of the state court should be dismissed pursuant to the doctrine of equitable restraint of *Younger v. Harris, supra,* and its progeny. *See Guerro v. Mulhearn,* 498 F.2d 1249 (1st Cir. 1974).

9. The appellant's claims brought pursuant to 42 U.S.C. §§ 1981, 1985 and 1986 are without merit.