Daniel J. HAGGY, Individually and on behalf of all others similarly situated, Appellant,

v.

Warden Herman SOLEM, Individually and in his capacity as warden, et al., Appellees.

No. 77–1061.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1977.

Decided Jan. 18, 1977.

Daniel J. Haggy, pro se.

William J. Janklow, Atty. Gen., Pierre, S.D., for appellees.

Before BRIGHT, WEBSTER and HENLEY, Circuit Judges.

PER CURIAM.

Daniel J. Haggy, a prisoner at the South Dakota State Penitentiary, brought an action in the United States District Court pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief as well as monetary damages arising out of conditions of confinement and incidents occurring at the state penitentiary. The District Court, prior to any responsive pleadings, held the *pro se* complaint to be frivolous, denied appellant's application to proceed in forma pauperis, and dismissed the complaint. The District Court also denied leave to appeal in forma pauperis. Upon review of the complaint, we grant leave to proceed in forma pauperis, vacate the order of dismissal, and remand for further proceedings. *See* local rule 9(a) of this Court.

The *pro se* complaint is prolix (143 numbered paragraphs) and redundant. Many of the claims appear to be frivolous on their face. Most of the complaints center upon incidents which followed an alleged assault upon the plaintiff by a prison guard on September 21, 1975, resulting in appellant being placed in administrative confinement. His complaint alleges that he was denied counsel at disciplinary proceedings which related to a matter for which state charges were also pending. He claims to have been denied an opportunity to prepare his defense, such as take photographs of the cell block, in connection with the state charge against him arising out of the September 21, 1975, assault. He also alleges that he was denied access to legal materials and to his personal reading materials and that he was deprived of sunlight and necessary physical recreation.

In reviewing an appeal from an order dismissing a complaint, we take the facts in the light most favorable to the plaintiff, considering all well-pleaded allegations to be true. *Sartin v. Commissioner of Public Safety*, 535 F.2d 430, 432 n. 1 (8th Cir. 1976); *Remmers v. Brewer*, 475 F.2d 52, 53 n. 2 (8th Cir. 1973); *see Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). *Pro se* complaints are to be liberally construed. *Cruz v. Cardwell*, 486 F.2d 550, 552 (8th Cir. 1973); *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Since it does not appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), the dismissal by the District Court on its own motion was premature. *See Freeman v. Lockhart*, 503 F.2d 1016, 1017–18 (8th Cir. 1974).

If appellant's claims are in fact illusory, the Federal Rules of Civil Procedure provide the means to make such determination upon a sufficient development of the record, even before trial. Fed.R.Civ.P. 56.

Reversed and remanded for further proceedings consistent with this opinion.