**Donald WINTERS, Plaintiff,**

v.

**Richard CALLAHAN and Mr. Beck, Defendants.**

No. 80–739C(3).

United States District Court, E. D. Missouri, E. D.

Jan. 26, 1981.

See also, D.C., 512 F.Supp. 7.

Donald Winters, pro se.

David E. Miller, Steven R. Ohmer, Asst. Circuit Atty., Eugene H. Buder, John J. Horgan, Stephen J. Kovac, St. Louis, Mo., for defendants.

### MEMORANDUM AND ORDER

FILIPPINE, District Judge.

This matter is before the Court on defendant Richard Callahan's motion to dismiss.

Plaintiff, a prisoner, has filed a *pro se* complaint alleging deprivations of his civil rights in violation of 42 U.S.C. § 1983. Plaintiff claims that the deprivations are in retaliation for his being called as a witness on behalf of Melvin Leroy Tyler. According-ing to plaintiff, defendant Beck introduced himself as the investigator for defendant Callahan, the prosecutor, and threatened him that he had better not testify if he knew what was good for him. Plaintiff did not testify. Plaintiff further alleges that there has been a conspiracy to delay plaintiff's post-conviction relief because he was called as a witness in the *Tyler* case. He does not allege that defendant Callahan has been one of the co-conspirators.

A *pro se* complaint is to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Haggy v. Solem*, 547 F.2d 1363 (8th Cir. 1977). But even construing this complaint liberally, there are no factual allegations made against defendant Callahan. Because there is no vicarious liability under § 1983, *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976), defendant Callahan is not potentially liable merely because his investigator allegedly threatened plaintiff. Therefore,

IT IS HEREBY ORDERED that defendant Callahan's motion to dismiss be and is GRANTED.

IT IS FURTHER ORDERED that plaintiff's claim against defendant Callahan be and is DISMISSED without prejudice.