In the matter of Lawrence Mitchell ANDERSON, Debtor.

Hugh MINER, Trustee in Bankruptcy, Plaintiff,

v.

Lawrence Mitchell ANDERSON, Bernice Anderson, William M. Anderson, and Farmers and Merchants Bank of Hale, Defendants.

Hugh A. MINER, Trustee in Bankruptcy, Plaintiff,

v.

Lawrence Mitchell ANDERSON, Bernice Anderson, William M. Anderson, and Missouri Farmers Association, Inc., Defendants.

Hugh A. MINER, Trustee in Bankruptcy, Plaintiff,

v.

Lawrence Mitchell ANDERSON, Bernice Anderson, William M. Anderson, and Millbank Mills, Inc., Defendants.

Hugh A. MINER, Trustee in Bankruptcy, Plaintiff,

v.

Lawrence Mitchell ANDERSON, Bernice Anderson, William M. Anderson, and Community Bank of Chillicothe, Defendants.

Bankruptcy No. 81–00392–SJ.
Adv. Nos. 81–0381–SJ to 81–0384–SJ.

United States Bankruptcy Court,
W. D. Missouri,
St. Joseph Division.

Aug. 13, 1981.

Hugh A. Miner, pro se.

John C. Franken, Carrollton, Mo., for Farmers & Merchants Bank of Hale.

Steven E. Faber, Columbia, Mo., for Missouri Farmers Ass'n., Inc.

Robert Cowherd, Chillicothe, Mo., for Community State Bank of Chillicothe.

Gerald Liles, St. Joseph, Mo. for Lawrence Mitchell Anderson, Bernice Anderson and William M. Anderson.

---

ORDER GRANTING THE CLAIMANTS RAY AND SALLY ZEHR LEAVE TO INTERVENE IN THE NAME OF THE TRUSTEE IN BANKRUPTCY AND DENYING IN PART AND GRANTING IN PART THEIR MOTION TO ALTER OR AMEND JUDGMENT OR FOR NEW TRIAL AND FIXING DATE FOR THE CONDUCTING OF A NEW TRIAL ON A LIMITED ISSUE

DENNIS J. STEWART, Bankruptcy Judge.

This court 12 B.R. 483 (Bkrtcy) issued its judgment in this action on July 10, 1981, finding that all of the property which a former trustee sought to have turned over to the estate, except sums in one bank account, were entirety property not claimable by the estate under § 541 of the Bankruptcy Code. The successor trustee has indicated his intention neither to appeal that judgment nor to file any postjudgment motions.

The claimants Zehr have therefore filed a motion to alter or amend the court's judgment and have requested leave of this court to prosecute these postjudgment motions in the name of the trustee. The court deems it proper, under the particular circumstances of this case, to permit the Zehrs to prosecute this action in the name of the trustee. The applicable legal principles have sometimes been stated as follows:

"The failure of the trustee to assert a cause of action against the appellees in this case is not sufficient to authorize this court to hold that the action has been abandoned and that, therefore, this appellant has a right to maintain it. The remedy of the appellant is to petition the bankruptcy court to compel the trustee to bring suit or to authorize the bankrupt to sue or to make such disposition as appears to be appropriate in the circumstances and under the facts presented to the court. Without such authorization or clear manifestation of the trustee to abandon the claim, or some other disposition as the lower court may deem appropriate, appellant may not maintain this cause of action."

*Dallas Cabana, Inc. v. Hyatt Corporation,* 441 F.2d 865, 868 (5th Cir. 1981).

██ The motion which has now been filed by the creditors Zehr raises principally factual issues which the court is requested to review under very general "equitable" principles so as to recondition the judgment and cause it to be reissued in favor of the estate in bankruptcy. Thus, it is asserted with respect to certain of the growing crops, the proceeds of sale of which the court held to be entirety property, that they should be held to be solely the property of the debtor because they were deposited with a granary or warehouse on a receipt which was issued in his name only. But it is neither stated nor shown that the granary or warehouse receipt constituted a written agreement between the debtor and his spouse which controlled the alienability of the soybeans which were listed thereon. In this respect, it does not have the legal efficacy of the signature card signed by both parties and describing their rights in the bank account, or the express statements of Bernice Anderson to the effect that she had agreed that her husband should make all the withdrawals from the Chillicothe bank account. It does not purport in any respect to be an agreement between Lawrence Mitchell Anderson and Bernice Anderson as to how their joint property is to be treated or by means of which one surrenders all title and interest in the property to the

other. There is not one scintilla of evidence that Bernice Anderson ever surrendered her interest in the soybeans, or gave Lawrence Mitchell Anderson permission to alienate or dispose of the property without her consent or otherwise transferred the presumed entirety interest in any way into the sole ownership of Lawrence Mitchell Anderson. Rather, the uncontradicted evidence is all to the contrary: that the entire farming operation was, and had been for years, treated as the entirety property of Lawrence Mitchell Anderson and Bernice Anderson; that the soybeans were harvested as part of the entirety operation; and that it was the express, albeit unwritten, intention of the Andersons that the soybeans be regarded as entirety property. Lawrence Mitchell Anderson's storing the soybeans under his name is quite consistent with the other evidence, for it does not assent to a consented-to disposition or usurpation of sole title by Lawrence Mitchell Anderson.

Counsel now complains that his case must be reckoned as chiseling ineradicably in immutable stone the principle that the existence of a tenancy by the entirety may be established by the testimony of the tenants themselves. But that principle does not seem so readily impugnable when it is considered that, in this action, with respect to the soybeans, the testimony is in all material respects uncontradicted. For, from the myriad of possibilities of evidence which might contradict that intention,[1] the former trustee did not select a single one to present in respect of the soybeans. Nor do the movants now suggest that there is any evidence which might have been or might yet be produced in this regard. Accordingly, it appears that, without more, the movants' contentions in respect of the soybeans must be denied.

In respect of at least a portion of other property here in suit, however, the movants now offer to show that the same property has been found and adjudged by a court of the State of Missouri not to be entirety property. Thus, in respect of the bank account which is in the Farmers and Merchants Bank of Hale, the movants now make the following assertion:

"The Court heard testimony regarding the monies in the Farmers and Merchants Bank of Hale, Missouri and evidence regarding a law suit instituted by Interveners against the Bankrupt and his wife in Caldwell County, Missouri. That suit was over the sale by Interveners of certain sheep and Interveners reduced their claim to judgment against the Bankrupt by jury trial. This Court heard various bits of evidence relating to the Bankrupt's wife being dismissed from that law suit at the conclusion of the Plaintiff's case for the reason that she had no interest in the sheep nor any interest in the proceeds of the sale of any sheep. Based upon that evidence, the Circuit Court of Caldwell County dismissed Interveners' petition against her. Attached hereto is a true copy of the Caldwell County Circuit Court docket sheet reflecting that dismissal.

"The Bankrupt, the Bankrupt's wife, and the Interveners herein are bound by that judgment and further are bound by the doctrine of collateral estoppel from re-litigating the issue of whether the Bankrupt's wife has *any* interest in the sheep or the proceeds of the sale of the sheep. *M.F.A. Mutual Insurance Co. v. Howard Construction Co.,* 608 S.W.2d 535 (Mo.

---

1. Thus, evidence might have been adduced to the effect that Bernice Anderson somehow consented to the storage of the soybeans in her husband's name only, or that she had made a practice of permitting him to keep and deal with the proceeds of farming operations as if they were his own separate property. But the evidence which was adduced, on these material points, is only to the contrary. And another possibility is alluded to in the motion of the movants Zehr insofar as it contends that "the soybeans held in the elevators was titled in the Bankrupt's name alone and subsequently *he fraudulently transferred* title to his son." (Emphasis added.) But as this court has been careful to point out in the challenged judgment, no evidence which would have warranted a finding that a fraudulent transfer has taken place was presented by the former plaintiff prosecuting this action. Similarly, there was no evidence which showed that Ms. Anderson did not consent to the transfer to the son nor that, if she did not, the transfer was not in fraud of her rights.

App.1980). See also, *Varnal v. Kansas City*, 41 [481] S.W.2d 575 (Mo.App.1972). *Payne v. St. Louis Union Trust Company*, 389 S.W.2d 832 (Mo.1965). She has no interest per that judgment.

"The doctrine of collateral estoppel prevents the re-litigation of the facts determined by the Circuit Court of Caldwell County, Missouri."

This contention of collateral estoppel has not previously been raised in this action, although the applicable procedural rules place the burden of pleading and proving collateral estoppel on the party asserting it.[2] Nor does it appear that evidence of the state court judgment would not have been available to the former trustee at the time he tried this action. But no evidence of that judgment was satisfactorily introduced in the trial of this action.[3]

Under the doctrine of "newly-discovered evidence" which ordinarily applies, therefore, the evidence of collateral estoppel was not evidence which could not have been discovered in the exercise of due diligence before the trial of this action.

In an action in which the interests of the general creditors have initially been inadequately represented, however, the court must give consideration to the fact that the movants and the creditors whom they now represent have not previously had an opportunity to present this evidence. And if their current allegations are true and correct, it appears that this issue is one which the former trustee and former plaintiff should have, but did not, raise before and in the initial hearing of this matter on its merits.

It is a general proposition of bankruptcy law that when a trustee fails to prosecute an action or an issue, a creditor, upon application, may be granted leave to prosecute the matter in his stead.[4] That aphorism would be applicable in this case except for its inconsonance with the purpose of the rules governing new trials—to prevent the trial and decision of a single action in stages. Such is unfair, ordinarily, to the nonmoving party who has relied upon the challenged judgment.

In this action, however, if the movants' allegations are true, and the defendants have secured a judgment in a state court by telling one story and a contrary judgment in this court by telling a contrary story, then this notion of unfairness is without any meaning in this action. Therefore, on this lone issue, this court will grant a new trial, conditioned, however, on the costs of retrial being taxed against the movants in the event they fail to prove the taking of irreconcilably different positions in the state court action and in this action.

Accordingly, it is therefore

ORDERED that movants' motion to alter or amend the judgment or for a new trial be, and it is hereby, in all respects denied except as to the issue of collateral estoppel which is granted. It is therefore, accordingly,

ORDERED that a new trial be conducted on that issue on August 27, 1981, at 10:30 a.m. in Room 945, United States Courthouse, 811 Grand Avenue, Kansas City, Missouri.

---

**2.** See, e. g., *Sartin v. Commissioner of Public Safety of State of Minnesota*, 535 F.2d 430, 433 (8th Cir. 1976).

**3.** In order to determine whether a subsequent action is bound by a former judgment under the doctrine of *res judicata* or collateral estoppel, at least the former judgment and findings of fact, if any, should be presented to the court and ordinarily it is necessary to produce the transcript of the former proceedings to determine what issues were actually presented in the former action. See, e. g., *National Homes* *Corp. v. Lester Industries, Inc.*, 336 F.Supp. 644, 648 (W.D.Va.1972). But the defense of collateral estoppel or its assertion as a part of the plaintiff's case is unavailing when "it is impossible to determine from the record what issues of fact were actually litigated and determined" in a prior proceeding. *Sartin v. Commissioner of Public Safety of State of Minnesota, supra* note 2, at 433, n.4.

**4.** See page 343 of the text, *supra.*