**Clifford OSBORNE, Plaintiff,**

v.

**Sam ADAM, et al., Defendants.**

**No. 80 C 2697.**

United States District Court,
N. D. Illinois, E. D.

April 12, 1982.

---

Clifford Osborne, pro se.

Charles Locker, Chicago, Ill., for defendant Adam.

Nancy K. Donnellan, Asst. State's Atty., Chicago, Ill., for defendants Carey and Olson.

Erwin H. Greenberg, Chicago, Ill., for defendant Richman.

## ORDER

BUA, District Judge.

The matter before the court is a *pro se* prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff, Clifford Osborne, brings this action against various defendants, both public officials and private actors, for alleged deprivations of his right to due process in the conduct of his criminal trial. Presently before the court are the motions to dismiss of the various parties.

Plaintiff's *pro se* complaint alleges that during the course of his criminal trial for the offense of murder, various public officials and private actors engaged in activities which prevented the full and fair pre-

sentation of the facts surrounding the crime, specifically those facts which related to plaintiff's defense of self defense. In essence, plaintiff alleges that due to the efforts of the named defendants, he was unable to present evidence of an alleged burglary of his office which allegedly precipitated the homicide for which he was charged. Plaintiff alleges that the then State's Attorney, Bernard Carey, withheld evidence of the burglary in the criminal trial; that his privately retained attorney, Sam Adam, also intentionally withheld evidence of the burglary; and that Circuit Judge Olson signed a warrant for plaintiff's arrest and denied him bond. In addition, plaintiff alleges that various police officers, Officers Breckenridge, Bolden, Serpe and Baldree, testified falsely in an effort to obtain plaintiff's conviction. Finally, plaintiff alleges that Leonard Richman (apparently plaintiff's employer), and other unknown private actors, used their "influence with Cook County State's Attorney."

The court has carefully reviewed plaintiff's complaint and has attempted to liberally construe the sparse allegations contained therein. The court finds, however, that notwithstanding the liberal construction afforded *pro se* prisoner complaints, the instant complaint must be dismissed for failure to state a claim upon which relief may be granted. *See Tarkowski v. Bartlett Realty Co.*, 644 F.2d 1204 (7th Cir. 1980).

Plaintiff's allegations related to State's Attorney Carey and Judge Olson must be dismissed as these parties enjoy absolute immunity from damage actions under § 1983 in the performance of their responsibilities as prosecutor and judge respectively. *See Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1976). As the plaintiff has failed to allege that the conduct of these defendants was beyond the scope of their official responsibilities, these claims must be dismissed.

Similarly, plaintiff's allegations related to the alleged false testimony of Officers Breckenridge, Bolden, Serpe and Bal-

dree must also be dismissed. Just as prosecutors and judges enjoy absolute immunity in § 1983 actions, witnesses, including police officers, also are entitled to absolute immunity. *Briscoe v. LaHue*, 663 F.2d 713 (1981). Because plaintiff's allegations concerning Officers Breckenridge, Bolden, Serpe and Baldree are related to their conduct as witnesses, these claims must also be dismissed.

Plaintiff's allegations against defendants Adam and Richman also fail to state a claim. Plaintiff's allegations are insufficient to set forth facts suggesting a conspiracy between the state officials and these private defendants. In addition, there are no allegations of fact suggesting a racial or other invidiously discriminatory animus behind the private defendants' alleged conspiracy. For these reasons, plaintiff's complaint fails to state a claim against these private actors under either § 1983 or § 1985(3). *Briscoe v. LaHue*, 663 F.2d 713, 723 (1981).

For the reasons stated, plaintiff's complaint is dismissed.