NATIVE AMERICAN COUNCIL OF TRIBES, Garrett Wounded Head, Spokesman, and Dale Louis Clark & Tony Shunk, Legal Advises, Individually and on behalf of all those similarly situated, Appellants,

v.

Herman SOLEM, Warden, South Dakota State Penitentiary and Frank Brost, Ted Spaulding, Sydna Cheever, Lambert Holland, Carole Hillard, Jim Smith, Brian Wallin and Vera Allen, Members of the South Dakota Board of Charities and Corrections, and William Janklow, Governor of the State of South Dakota, Individually and in their official capacities, Appellees.

No. 81–1658.

United States Court of Appeals, Eighth Circuit.

Submitted May 19, 1982.

Decided Oct. 19, 1982.

Lee R. Burd, Sioux Falls, S. D., for appellants.

Before BRIGHT and JOHN R. GIBSON, Circuit Judges, and HARRIS,* Senior District Judge.

JOHN R. GIBSON, Circuit Judge.

Plaintiffs-appellants Native American Council of Tribes, Garrett Wounded Head, Dale Clark and Tony Shunk appeal the district court's[1] order dismissing their pro se complaint seeking injunctive relief. The complaint is brought as members of the class defined in *Crowe v. Erickson,* No. 72–4101 in the United States District Court for the District of South Dakota, Southern Division. It seeks enforcement of the Agreement and Settlement and Judgment Confirming Settlement entered in that cause May 4, 1977, or in the alternative, seeks relief for violation of the judgment, and alleges violations of constitutional rights. Because we conclude that the complaint, on its face, states a constitutional violation, we reverse, in part, the district court order.

Garrett Wounded Head, Dale Clark and Tony Shunk are Native American inmates in the South Dakota State Penitentiary and are spokesmen and officials of an association in the prison, the Native American Council of Tribes. Defendants named in the complaint include the warden of the South Dakota State Penitentiary, the governor of South Dakota, and members of the South Dakota Board of Charities and Corrections.

The most critical issue is posed in the following allegations from plaintiffs' complaint:

14. The Christian inmates at the South Dakota State Penitentiary are allowed to have their families and friends, children included, inside the prison to attend and participate in religious services.

Mark V. Meierhenry, Atty. Gen., Douglas E. Kludt, Asst. Atty. Gen., Pierre, S. D., for appellees.

Garrett Wounded Head, Dale Louis Clark, pro se.

---

* The Honorable Oren Harris, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable Fred J. Nichol, Senior United States District Judge for the District of South Dakota.

15. Native American inmates' families and friends are not allowed to attend and participate in sacred ceremonies inside the prison nor are the inmates' children allowed inside the prison.

On June 1, 1981, the same day that the complaint was filed, the district court entered an order which allowed the plaintiffs to file in forma pauperis but which also dismissed the complaint. The district court noted that its federal judicial power could be exercised only on the basis of a constitutional violation and concluded that:

[A] refusal by the South Dakota Prison authorities to allow family members of Native American inmates inside the penitentiary for sacred ceremonies celebrated by the Native American does not give rise to a constitutional violation. There is no prohibition placed on the inmates' celebration of the sacred ceremonies.

■ We have recognized that state officials have exclusive control of the administrative details of state prisons. *Goff v. Menke,* 672 F.2d 702, 705 (8th Cir. 1982). However, an inmate's conviction does not cause him to forfeit all constitutional protections. A prisoner retains important constitutional rights which the courts must alertly protect. *Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976).

■ A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45– 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). The allegations contained in the complaint are taken as true and we view the facts in the light most favorable to the plaintiff. *Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Haggy v. Solem,* 547 F.2d 1363, 1364 (8th Cir. 1977). Additionally, a pro se complaint must be liberally construed and is held "to less strin-gent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Haggy v. Solem, supra,* 547 F.2d at 1364.

■ The allegations of the complaint set forth above state a claim for relief, and the dismissal was improper.

First, the complaint alleges a violation of equal protection by means of religious discrimination. The denial of the privilege of including family and friends in religious services to adherents of one faith while granting it to others is discrimination on the basis of religion. *See Cooper v. Pate,* 382 F.2d 518, 522 (7th Cir. 1967). Where one faith is more heavily restricted than another, the courts must closely scrutinize the reasonableness of any restriction. *Id.* at 521. On the face of the complaint, plaintiffs have stated a claim for religious discrimination.[2] On remand, the state will have an opportunity to meet the complaint's allegations and prove that its policy is justified. The state will have a heavy burden since "discrimination in treatment of adherents of different faiths [can] be justified, if at all, only by the clearest and most palpable proof that the discriminatory practice is a necessity." *Id.* at 522.

■ Second, the complaint alleges a violation of the inmates' First Amendment rights of worship and assembly. Freedom of religion is one of the federal constitutional rights of prisoners. *Evans v. Ciccone,* 377 F.2d 4, 6 (8th Cir. 1967). An "inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner." *Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974). The religious freedom to believe is absolute but the freedom to act or exercise one's religion is not absolute. *United States v. Ballard,* 322 U.S. 78, 86, 64 S.Ct. 882, 886, 88 L.Ed. 1148 (1944); *Sharp v. Sigler,* 408 F.2d 966, 970 (8th Cir. 1969). Although prison authorities may regulate

2. Since the state's policy differentiates between Native Americans and all other races, the complaint also alleges discrimination on the basis of race and the court should also consider that theory of relief on remand.

the exercise of religion for legitimate institutional needs, those authorities may not unreasonably interfere with the inmate's exercise of his beliefs. *Proffitt v. Ciccone,* 506 F.2d 1020, 1021 (8th Cir. 1974). The complaint, on its face, states that the Native American inmates' exercise of their religion, as contrasted to the exercise of religion by Christian inmates, is being restricted by the state's regulation prohibiting family and friends from participating in the Native Americans' religious ceremonies. A prison regulation concerning the exercise of religion that is more restrictive than necessary to meet the penal system's objectives is impermissible under the free exercise of religion clause of the First Amendment. *Teterud v. Burns,* 522 F.2d 357, 359 (8th Cir. 1975).

We are unable to say that it is beyond doubt that the plaintiffs can prove no set of facts to support the above-discussed allegations in the complaint. Our discussion is not intended to express any view on the merits of plaintiffs' claims. We simply conclude that the above-discussed portions of the complaint were adequate to state a claim.

The complaint in addition catalogs a number of claimed violations of the *Crowe* judgment of May 4, 1977. The class in *Crowe* included present and future inmates of the South Dakota Penitentiary, with a subclass of all present and future Indian inmates. Plaintiffs are thus members of both the class and the subclass in *Crowe.* These claimed violations will be considered in two categories.

The first category deals with claimed deficiencies in dental and medical care of the entire prison population. Plaintiffs also complain of the lack of Native American guards and the absence of a minority hiring program. The district court properly ruled that these questions are encompassed in the pending cases of *Cody, et al. v. William Janklow, et al.,* CIV 80–4039 and *Wabasha, et al. v. Solem,* CIV 79–4064.[3]

The second category includes claims of several other limitations on Native American inmates' religious observations; lack of cultural rehabilitation or educational courses concerning Native American language and culture; and lack of Native American counselors and library assistants. The order of the district judge did not specifically deal with this second category of allegations that are the subject of the *Crowe* judgment.

As observed in *Goff v. Menke, supra,* at 672 F.2d 704, this Court has refused to allow prisoners to relitigate issues decided in prior class actions, as the result of the class action binds members of the class. Plaintiffs' action, however, seeks enforcement of the *Crowe* judgment. In view of our remand, the district court should consider whether further action is appropriate with respect to these issues.

We rule simply that plaintiffs complaint has raised claims of a constitutional dimension. Other issues argued by the state concerning the reasonableness and justification of its policies because of security or other reasons can properly be raised in further proceedings. On remand, the state will have the opportunity to prove that it has a legitimate need for its restriction and the burden of proving that it is using the least restrictive method to reach its proven, legitimate need.

Accordingly, the judgment of the district court is reversed in part, and remanded to the district court for further proceeding consistent with this opinion.

---

**3.** The plaintiffs conceded that their medical and dental claims are encompassed in these cases. The state admitted in oral argument that these two cases did not involve any issues concerning families and friends attending religious services.