**William T. KING, Plaintiff,**

v.

**ALCO CONTROLS COMPANY, a DIVISION OF EMERSON ELECTRIC CO., Defendant.**

No. 83–232C(1).

United States District Court, E.D. Missouri, E.D.

June 2, 1983.

On Motion for Summary Judgment June 16, 1983.

William T, King, pro se.

D. Michael Linihan, McMahon, Berger, Breckenridge, Hanna, Linihan & Cody, Jeffrey R. Carius, Senior Labor Relations Atty., Emerson Elec. Co., St. Louis, Mo., for defendant.

## ORDER AND MEMORANDUM

NANGLE, District Judge.

IT IS HEREBY ORDERED that the motion of defendant to stay proceedings pending disposition of plaintiff's appeal be and is denied as moot.

IT IS FURTHER ORDERED that the motion of plaintiff to dismiss all motions by defendant be and is denied.

IT IS FURTHER ORDERED that the motion of defendant to strike plaintiff's jury demand be and is denied. Plaintiff's complaint can be read to state a claim for relief under section 1981 of Title 42 of the United States Code. *Setser v. Novack Investment Company,* 638 F.2d 1137 (8th Cir. 1981), holds that a section 1981 plaintiff is entitled to a jury trial of all legal issues presented by his claim. *Id.* at 1139–40.

IT IS FURTHER ORDERED that defendant's motion to dismiss those aspects of plaintiff's complaint relating to retaliation by defendant against plaintiff for plaintiff's insistence that defendant adhere to a collective bargaining agreement or for plaintiff's union activities be and is granted. *San Diego Unions v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959) requires that where a plaintiff alleges activity "arguably subject to § 7 or § 8 of the [National Labor Relations Act]", then "the states as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board." *Id.* at 245, 79 S.Ct. at 779. However, the granting of this motion does not affect those portions of plaintiff's complaint which can be read to state claims under Title VII or section 1981.

IT IS FURTHER ORDERED that defendant's motion for more definite statement be and is denied. Pro se complaints are liberally construed in favor of the pro se plaintiff. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Haggy v. Solem,* 547 F.2d 1363 (8th Cir.1977). Plaintiff's complaint is not ". . . so vague or ambiguous that [defendant] cannot reasonably be required to frame a responsive pleading." *Fed.R.Civ.P.* 12(e).

IT IS FURTHER ORDERED that defendant's motion to strike plaintiff's prayer for relief based upon the post-termination conduct of plaintiff be and is denied. This motion shall be read as a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c). *Fed.R.Civ.P.* 12(b)(6), 12(c). By the terms of both rules, since defendant has attached an affidavit in support of its motion, defendant's motion must be treated as a motion for summary judgment under Rule 56. *Fed.R.Civ.P.* 12(b)(6), 12(c).

IT IS FURTHER ORDERED that plaintiff shall be required to respond to the claims of defendant, made in the affidavit of Jeffrey R. Carius, within 21 days of the date of this order.

On Motion For Summary Judgment

IT IS HEREBY ORDERED that the motion of defendant for summary judgment

52

based upon the post-termination conduct of plaintiff be and is denied. Pursuant to this court's "ORDER AND MEMORANDUM" dated June 2, 1983, plaintiff has responded to the claims of defendant made in the affidavit of Jeffrey R. Carius. Plaintiff's response demonstrates that material issues of fact do exist with respect to the exact nature of plaintiff's post-termination conduct. Therefore, summary judgment is not proper. *Fed.R.Civ.P.* 56.