566 F.Supp. 827 (1983)
WILLIAMS, Ernest C., Plaintiff,
v.
CITY BANK, Tice, Norman J. Mischeaux, Charles E., Chief of Police of Berkely, Unknown Police Officers of Berkely, Defendants.
No. 82-2120C(1).
United States District Court, E.D. Missouri, E.D.
June 30, 1983.
*828 Ernest C. Williams, pro se.
Bernard Susman, St. Louis, Mo., for City Bank, Tice and Mischeaux.
Joseph L. Racine, St. Louis, Mo., for Berkely Police Dept., Chief of Police.
Leo Newman, St. Louis, Mo., for Chief of Police.

MEMORANDUM
NANGLE, District Judge.
This case is now before this court on the motion of defendants for summary judgment, judgment on the pleadings, dismissal with prejudice and more definite statement. Defendants contend, inter alia, that none of them is subject to section 552a of Title 5 of the United States Code as a *829 matter of law; that plaintiff has not, as a matter of law, suffered a violation of a federally protected interest which could serve as the basis of an action under section 1983; and that plaintiff's section 1985 claim is defective because plaintiff has failed to allege with particularity the facts supporting his claim of conspiracy and that he has failed to allege class-based invidious and discriminatory animus.[1]
Plaintiff's cause of action arises out of the delivery of certain financial records concerning plaintiff by defendant bank to defendant municipal police department. According to the allegations of the pro se complaint, supplemented by information contained in documents and memoranda filed with this court by all parties, defendant bank delivered two checks from plaintiff's file to defendant police department. The checks were in the possession of defendant bank because they had been the subject of transactions between plaintiff and defendant bank. One check was from an insurance company payable to plaintiff in settlement of a claim. The other appears to be a two-party personal check that was deposited in plaintiff's account. Plaintiff alleges that defendant bank's delivery of these checks to defendant municipal bank constituted a violation of constitutional rights including, inter alia, his "right to privacy". For these violations he sues under section 1983. Plaintiff sues under section 1985 alleging there was "collusion" between the various defendants to deprive him of his constitutional rights. Finally, plaintiff sues under section 552a(g)(1) of Title 5 of the United States Code, alleging that the transfer of the checks was in violation of certain provisions of section 552a (the privacy section of the Administrative Procedure Act).
Defendants move for summary judgment, judgment on the pleadings, dismissal with prejudice and more definite statement. Defendants contend, inter alia, that they are entitled to summary judgment on the section 1983 claim because plaintiff has not, as a matter of law, suffered the violation of any federally protected interest or right. Defendants argue they are also entitled to summary judgment on the section 552a claim because defendants are not, as a matter of law, subject to the provisions of section 552a. Finally, defendants assert that they are entitled to summary judgment on plaintiff's section 1985 claim due to his failure to plead specific facts supporting his claim of collusion or conspiracy and to plead class-based invidious and discriminatory animus. Plaintiff has replied to defendants' motions.
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). See also Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing upon a Rule 56 motion for summary judgment, a court is required "to view the facts in the light most favorable to the party opposing the motion." Vette Co. v. Aetna Casualty and Surety Co., 612 F.2d 1076, 1077 (8th Cir.1980). Moreover, since plaintiff is acting pro se, plaintiff's complaint must be liberally construed in his favor. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Haggy v. Solem, 547 F.2d 1363 (8th Cir.1977).
*830 With respect to plaintiff's cause of action under section 1983, plaintiff cannot recover unless he has suffered the violation of some federally protected right. Boxall v. Sequoia Union High School Dist., 464 F.Supp. 1104 (N.D.Cal.1979); Gage v. Commonwealth Edison Co., 356 F.Supp. 80 (D.C. Ill.1972). In the present case, plaintiff maintains that defendant bank's transfer of certain "private" financial records to defendant municipal police department violated some federally protected right to privacy. The extent of the financial records transferred appears to be two checks.[2]
The United States Supreme Court has held that an individual does not have a fourth amendment "expectation of privacy" in his checking account and bank records. United States v. Miller, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976). In Miller, the defendant argued that federal agents violated his fourth amendment rights by seizing his checking and bank records by means of an allegedly defective subpoena duces tecum. The Court rejected the defendant's position and stated, in part:
The checks are not confidential communications but negotiable instruments to be used in commercial transactions ... The depositor takes the risk, in revealing his affairs to another, that the information will be conveyed by that person to the Government.
Id. at 442-43, 96 S.Ct. at 1623-24. Thus, defendants' conduct in the present case does not violate any constitutionally protectable interest.
At best, plaintiff's cause of action is one for tortious invasion of privacy. However, the Eighth Circuit recently held that plaintiffs suing under the civil rights statutes cannot constitutionalize tortious invasions of privacy:
The constitutional right of privacy is not to be equated with the common law right recognized by state tort law. Thus far only the most intimate phases of personal life have been held to be constitutionally protected. Applying this limited doctrine of constitutional privacy, the federal courts have generally rejected efforts by plaintiffs to constitutionalize tortious invasions of privacy involving less than the most intimate aspects of human affairs.
McNally v. Pulitzer Publishing Company, 532 F.2d 69, 76-77 (8th Cir.1976) (citations and footnotes omitted). Therefore, plaintiff has failed to allege the violation of a federally protected right and defendants are entitled to summary judgment in their favor on the section 1983 claim.
Defendants are also entitled to summary judgment on the section 552a claim because none of the defendants are subject to its provisions. By its terms, the prohibitions of section 552a are only applicable to an "agency". 5 U.S.C. § 552a(a)(1). "`Agency' means agency as defined in section 552(e)." 5 U.S.C. § 552a(a)(1). Section 552(e) in turn defines "agency" by incorporating the definition contained in section 551(1). 5 U.S.C. §§ 552(e), 551(1). Section 551(1) defines "agency" as "each authority of the Government of the United States." 5 U.S.C. § 551(1).
According to the allegations of plaintiff's complaint, defendant bank is a bank incorporated under the laws of Missouri and defendant police department is a department of a municipal corporation. Plaintiff has not alleged any facts which make either defendant an "authority" of the federal government. In his reply, plaintiff contends that defendant bank is a member of the F.D.I.C., is federally regulated, operates under color of the federal government and exists only by virtue of federal authorization. These allegations are not sufficient to raise an issue of fact as to whether defendant bank is a federal agency. The test for determining whether an arm of government is an "agency" is whether it has authority to act with the sanction of the federal government behind *831 it. Public Citizen Health Research Group v. Dept. of Health, Education and Welfare, 668 F.2d 537 (D.C.Cir.1981); Ellsworth Bottling Co. v. United States, 408 F.Supp. 280 (W.D.Okl.1975). Clearly none of defendants has such authority or acted with such authority. Plaintiff has failed to allege any facts which suggest the contrary. See generally Johnson v. Wells, 566 F.2d 1016 (5th Cir.1978) (Texas State Parole Board is not federal agency); Ciccone v. Waterfront Comm. of N.Y. Harbor, 438 F.Supp. 55 (S.D. N.Y.1977) (Waterfront Commission of New York is not federal agency). Therefore, defendants are entitled to summary judgment in their favor on plaintiff's section 552a claim.
Finally, defendants contend that they are entitled to summary judgment in their favor on plaintiff's section 1985 claim. Defendants contend that plaintiff's complaint is defective in that it does not allege sufficient facts to support a claim of conspiracy and it does not allege any racial or class-based invidiously discriminatory animus. The Supreme Court has held that both a conspiracy and class-based discrimination are essential elements of a claim under section 1985(3). Griffin v. Breckenridge, 403 U.S. 88, 102-3, 91 S.Ct. 1790, 1798-99, 29 L.Ed.2d 338 (1971). Even construing plaintiff's complaint liberally, as the court is required to do in the case of a pro se complaint, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), plaintiff has failed to state a valid claim under section 1985(3).
Nowhere in the complaint does plaintiff allege facts from which racial discrimination or any class-based discrimination can be inferred. As in Slavin v. Curry, 574 F.2d 1256 (5th Cir.1978), which was also a pro se case, the "complaint contains not even an intimation of racial or class-based discrimination." Id. at 1262. Plaintiff attempts to remedy this defect in his reply memorandum with the following sentence: "The acts of defendants and each of them was based on plaintiff's race and the thought that plaintiff's ignorance of his rights as a black citizen would not allow plaintiff to enforce said rights." As discussed, supra, plaintiff lacked a federal right to prevent defendant bank from giving the two checks to defendant police department. Plaintiff's mere allegation, which does not appear in his complaint, that defendants acted on the basis of plaintiff's race is inadequate in the context of a motion for summary judgment. Plaintiff "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Since plaintiff has not done so, defendants are entitled to summary judgment.
Defendants are also entitled to a summary judgment on the section 1985(3) claim because plaintiff has failed to allege specific facts from which a conspiracy can be inferred. It is well-settled that a plaintiff, even a pro se plaintiff, cannot rest upon the bald assertion of a conspiracy or "collusion" between defendants in order to state a claim under section 1985(3). A section 1985(3) plaintiff must allege "specific facts as would be admissible in evidence to show the existence of a conspiracy". Fracaro v. Priddy, 514 F.Supp. 191 (M.D.N.C.1981). See Henzel v. Gerstein, 608 F.2d 654, 659 (5th Cir.1979); Glasspoole v. Albertson, 491 F.2d 1090, 1092 (8th Cir.1974); Barnes v. Dorsey, 480 F.2d 1057, 1061 (8th Cir.1973); Burnett v. Short, 441 F.2d 405, 406 (8th Cir.1971); Osborne v. Adam, 535 F.Supp. 1351, 1353 (N.D.Ill.1982); Kops v. New York Tel. Co., 456 F.Supp. 1090, 1093 (S.D. N.Y.1978) aff'd without opinion 603 F.2d 213 (2d Cir.1979). Plaintiff has clearly not done this and the defect was not cured by anything contained in his reply memorandum.
Accordingly, defendants' motion for summary judgment on all three counts of plaintiff's complaint be and is granted.
NOTES
[1] Defendants also asserted, in support of their motions, that plaintiff's causes of action were barred by res judicata and that plaintiff's complaint should be dismissed for its failure to allege any damage. Although this court's disposition of defendants' motions makes it unnecessary to fully discuss these other grounds, it is worth noting that they are without merit. With respect to defendants' res judicata claim, it is clear that Judge Filippine's order of January 15, 1982, in Case No. 81-1433C(3) dismissing plaintiff's original complaint was a dismissal without prejudice. See also Judge Filippine's order of July 2, 1982, in Case No. 81-1433C(3). With respect to defendants' failure to allege damage argument, plaintiff's allegations are adequate, given the liberality with which a pro se complaint is construed. See Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Haggy v. Solem, 547 F.2d 1363 (8th Cir.1977).
[2] Although plaintiff does not specify in his complaint exactly what financial records were transferred, he does specify in his reply memorandum his "Personal Checking Account" and an "Insurance Check" as being the contents of the records transferred. Nowhere does plaintiff claim that any other records were the subject of the transfer.