**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HORATIO CLARK FORD, III

    Plaintiff-Appellant and
Counter-Defendant,

v.

BANK OF AMERICA; SUSAN L.
GARCIA; KAREN L. POWERS,

    Defendant-Appellees,

and

FIRST FEDERAL BANK; VALLEY
BANK OF COMMERCE in
ROSWELL; FIRST SECURITY
BANK; VALLEY BANK OF
COMMERCE in DEXTER; TAMMEY
BEAVER; JESSICA BRYANT; MAE
ARNOLD; PAULA FRANCO, and
VIOLA MARTINEZ,

    Defendants,
Counter-Claimants and
Appellees.

No. 99-2368

(D.C. No CIV-99-855-BB-RLP)
(D.N.M.)

**ORDER AND JUDGMENT** *

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BALDOCK, HENRY** , and **LUCERO** , Circuit Judges.

_____

The plaintiff, Horatio Clark Ford, III, appeals the district court's grant of the motion to dismiss for failure to state a claim filed by the defendants Bank of America, Susan L. Garcia, Karen L. Powers, Valley Bank of Commerce in Dexter, Valley Bank of Commerce in Roswell, First Federal Bank, Tammey Beaver, Jessica Bryant, Mae Arnold, and Viola Martinez. Mr. Ford also appeals the district court's grant of the motion for summary judgment filed by the defendants First Security Bank and Paula Franco. For the reasons set forth below, we affirm the district court's decisions.[1]

This case arises out of the refusal of the defendant banks and bank officials to open a non-interest bearing checking account for Mr. Ford after he refused to provide them with his social security number. In his complaint, Mr. Ford alleged that the defendants' refusal violated his rights under the Privacy Act, 5 U.S.C. § 552a, the Fourth Amendment, and Article II, section 10 of the New Mexico Constitution. The district court granted the defendants' motions to dismiss and motions for summary judgment, reasoning that the Privacy Act did not apply to

_____

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

2

the defendant banks and that Mr. Ford's complaint did not state a claim under the federal or New Mexico constitutions. See Rec. vol. II at 21-22 (Transcript of Dec. 3, 1999 Hr'g).

On appeal, Mr. Ford argues that the district court erred in ruling on the defendants' motions before discovery could be conducted. He further argues that the district judge should have recused from the case because, between 1972 and 1975, he worked for one of the law firms representing the defendants. Finally, Mr. Ford challenges the district court's ruling on the merits of his Privacy Act and Fourth Amendment claims.[2]

Upon review of the record, we conclude that the district court did not err in ruling on the defendants' motions without waiting for the parties to conduct discovery. The defendants' motion to dismiss for failure to state a claim addressed the legal sufficiency of Mr. Ford's complaint. The defendants' motion for summary judgment also raised legal issues regarding Mr. Ford's claims. There is no indication that discovery would have revealed information relevant to the rulings now challenged by Mr. Ford in this appeal. Moreover, in responding to the defendants' motions, Mr. Ford did not request that the court allow him additional time for discovery before rendering its decision. See Fed. R. Civ. P.

---

[2] In his appellate brief, Mr. Ford does not argue in support of his claim under the New Mexico Constitution and we, therefore, do not consider that claim in this appeal.

3

56(f) (providing that "[s]hould it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may . . . order a continuance to permit [discovery]"); Ben Ezra, Weinstein, & Co. v. America Online, Inc., 206 F.3d 980, 987 (10th Cir. 2000) ("A party may not invoke Fed. R. Civ. P. 56(f) by merely asserting that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable. Rather, the party must demonstrate precisely how additional discovery will lead to a genuine issue of material fact.") (citation omitted).

We further conclude that the district judge's prior employment with the law firm representing several of the defendants does not warrant recusal. A judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Additionally, a judge must recuse if "in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as lawyer concerning the matter." 28 U.S.C. § 455(b)(2). Here, the district judge's association with the defendant's law firm almost twenty-five years before the filing of this case does not provide reasonable grounds to question his impartiality. Moreover, there is no indication that the district judge or any of his former law partners served as lawyers in this matter or indeed any other matter

4

involving Mr. Ford. Cf. United States v. Walton, 56 F.3d 551, 556 (4th Cir. 1995) (concluding that representation of defendant in the 1970s by a law firm at which judge had worked as a senior partner constituted "an attenuated connection" between the judge and the defendant that did not warrant recusal under § 455).

On the merits, we agree with the defendants that the Privacy Act of 1974, 5 U.S.C.§ 552a, is inapplicable to the conduct at issue here. Mr. Ford relies on a provision of the Privacy Act, 5 U.S.C. § 552a, which provides that "[i]t shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose a social security account number." Privacy Act of 1974, Pub. L. No. 93-579, § 7, 88 Stat. 1897, 1909, reprinted in 5 U.S.C. § 552a, note. As used in the Privacy Act, "the term 'agency' . . . includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f); see id. § 552a(a)(1). Applying those definitions, this circuit has concluded that the Privacy Act does not apply to national banks. See United States v. Miller, 643 F.2d 713, 715 n.1 (10th Cir. 1981); see also Williams v. City Bank, 566 F. Supp. 827, 830 (E.D. Mo. 1983) (concluding that plaintiff's

5

allegations that the defendant bank "is a member of the F.D.I.C., is federally regulated, operates under color of the federal government and exists only by virtue of federal authorization" were insufficient to raise an issue of fact as to whether the bank was a federal agency under the Privacy Act). Thus, the district court properly dismissed Mr. Ford's Privacy Act claim against the defendants.

Finally, with regard to his Fourth Amendment claim, Mr. Ford has failed to allege the requisite search or seizure or invasion of his privacy rights. Accepting Mr. Ford's allegations as true and affording him the benefit of all favorable factual inferences, the defendants merely refused to open an account for him. They did not subject him to a search or seizure or disclose private information. See Horton v. California, 496 U.S. 128, 133 (1990) (noting that "[a] search compromises the individual interest in privacy; a seizure deprives the individual of dominion over his or her person or property").

Accordingly, the district court's decisions dismissing Mr. Ford's claims against the defendants are AFFIRMED.

Entered for the Court,


 Robert H. Henry
 United States Circuit Judge