Felix L. RODRIGUEZ–MATEO; Sheila Camacho–Colon; Conjugal Partnership Rodriguez–Camacho; Octavio Fernandez–Reyes; Anabel Caraballo–Rosado; Conjugal Partnership Fernandez–Caraballo; Alexander Rodriguez–Madera; Rosalyn Rivera; Conjugal Partnership Rodriguez–Rivera; Heriberto Castro; Tamara Flores–Calderon; Conjugal Partnership Castro–Flores; Angel Morales–Colon; Iris Violeta Delgado; Conjugal Partnership Morales–Delgado; Pedro J. Montes; Madeline Gonzalez–Padilla; Conjugal Partnership Montes–Gonzalez; Winston Serrano–Febus; Doris Lozada–Marrero; Conjugal Partnership Serrano–Lozada, Plaintiffs, Appellants,

v.

Jose FUENTES–AGOSTINI; Zoe Laboy; Johnny Heredia; Fleming Castillo; Luis Vazquez–Moran; Maria Judith Cubano; Angel Burgos; Puerto Rico Police; Pedro Toledo Davila; Special Investigation Bureau, Defendants, Appellees.

No. 02–1662.

United States Court of Appeals, First Circuit.

May 28, 2003.

Antonio Bauza Torres on brief for appellants.

Luis Sanchez Betances and Sanchez Betances & Sifre, PSC, on brief for appellees.

Before LYNCH, Circuit Judge, COFFIN and PORFILIO,* Senior Circuit Judges.

COFFIN, Senior Circuit Judge.

Appellant Félix Rodríguez–Mateo was among some fifteen to eighteen Puerto Rico corrections department employees investigated for alleged involvement in the misappropriation of automobile parts from

* Of the Tenth Circuit, sitting by designation.

the repair shop at Rio Piedras State Penitentiary. Thirteen criminal cases eventually were prosecuted, leading to nine convictions based on guilty pleas.[1] Appellant was arrested but never prosecuted. At a preliminary hearing following his arrest, a magistrate judge found that the evidence was insufficient to establish probable cause to indict him. He subsequently brought a civil rights suit against numerous government and law enforcement officials, claiming that the nature of the investigation and his arrest violated his rights under the United States and Puerto Rico constitutions. A magistrate judge recommended that the claims against all but three defendants—two investigators and a prosecutor[2]—be dismissed on various grounds. The district court ultimately granted summary judgment for all defendants, concluding that the defendants excepted by the magistrate judge were entitled to qualified immunity. In this appeal, we review only the qualified immunity ruling.[3]

In brief, appellant claims that his constitutional rights were violated because the appellees executed "an incomplete, irresponsible and unprofessional investigation" by failing to corroborate the unreliable, false testimony of the inmate who was their primary source of information, by disregarding the exculpatory evidence they obtained from other sources, and by presenting what they knew or should have known were false statements to the magistrate judge who issued the arrest warrants. Appellant predicates his claim of a constitutional violation primarily on an allegation of malicious prosecution implicating his Fourth and Fourteenth Amendment rights.

Our case law establishes that appellant has no viable claim of malicious prosecution grounded on either the procedural or substantive prongs of the Due Process Clause. See Nieves v. McSweeney, 241 F.3d 46, 53–54 (1st Cir.2001) (adhering to the view that " 'substantive due process may not furnish the constitutional peg on which to hang' a federal malicious prosecution tort") (quoting Albright v. Oliver, 510 U.S. 266, 271 n. 4, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994)); Pérez–Ruiz v. Crespo–Guillén, 25 F.3d 40, 43 (1st Cir.1994) ("[T]he availability of an adequate remedy for malicious prosecution under commonwealth law [P.R. Laws Ann. tit. 31, § 5141] ... is fatal to appellants' procedural due process claim."). Although the Fourth

1. Three individuals were acquitted and one case was dismissed due to a violation of the Speedy Trial Act. See District Court Opinion and Order at 11.

2. These defendants, now appellees, are: District Attorney Fleming Castillo, and Agents María Judith Cubano and Angel Burgos, members of a task force that was supervised by the Puerto Rico Department of Justice and charged with investigating the alleged illegal activity by corrections officers.

3. Although the case originally involved seven corrections department plaintiffs and ten defendants, it is limited at this stage to one plaintiff-appellant and three defendants-appellees for two reasons. First, plaintiffs failed to file objections to the magistrate judge's recommendation that the case be dismissed against all but the three defendants identified above. Their untimely response to the recommended decision, filed more than a week after an extended deadline and three days after the district court issued its decision, was in effect only a response to the defendants' objections to the magistrate judge's report. The absence of timely objections precludes review in this court of the judgments in favor of the other defendants. See Fed.R.Civ.P. 72(b); U.S. Dist. Ct. Rules D.P.R., Rule 510.2, 510.2A; see also United States v. Mitchell, 85 F.3d 800, 803 (1st Cir.1996) (" 'There can be no appeal from a magistrate's report and recommendation unless objections are filed thereto.' " (citation omitted)). Second, the appeal as argued is brought only on behalf of Rodríguez–Mateo, the other plaintiffs apparently having decided to forgo further review.

Amendment "provides potentially more fertile soil," *Nieves,* 241 F.3d at 54, we have explicitly held, after the events that gave rise to this case, that "[i]t is an open question whether the Constitution permits the assertion of a section 1983 claim for malicious prosecution on the basis of an alleged Fourth Amendment violation," *id.*[4] Such uncertainty in the legal landscape entitles state actors to qualified immunity. *See, e.g., Kauch v. Dep't for Children, Youth & Their Families,* 321 F.3d 1, 4 (1st Cir.2003) (qualified immunity applies if the asserted constitutional right was not "clearly established" at the time of the alleged violation).[5]

Appellant additionally argues that his case remains viable based on his proposed amended complaint, which was not explicitly considered by the district court. While that complaint adds factual background to appellant's contention that his arrest was made a public spectacle for the benefit of the media and thus constituted an unreasonable seizure under the Fourth Amendment, his reliance on the revised complaint to resuscitate his case is unavailing at this juncture for several reasons: (1) appellant neither objected to the magistrate judge's

decision not to consider the new complaint nor invoked it as a barrier to summary judgment during the district court's review of the magistrate judge's ruling; (2) the new allegations do not specifically link any of the remaining defendants to particular conduct surrounding the arrest; and (3) appellant fails to offer meaningful argument, with case citation, to support a claim that an arrest effectuated in an unnecessarily public manner constitutes an unlawful seizure under the Fourth Amendment, or that such a legal principle was clearly established at the time of his arrest.

We therefore agree with the district court that appellees Castillo, Burgos, and Cubano are entitled to qualified immunity, and we affirm its grant of summary judgment in their favor.

*Affirmed.*

---

4. In characterizing the law as unsettled, we relied in *Nieves* on the Supreme Court's decision in *Albright,* issued in 1994, three years before the investigation leading to appellant's arrest. *See Albright,* 510 U.S. at 271 n. 4, 114 S.Ct. 807 ("[T]he extent to which a claim of malicious prosecution is actionable under § 1983 is one 'on which there is an embarrassing diversity of judicial opinion.'" (citation omitted)); *id.* at 275 ("We express no view as to whether petitioner's claim would succeed under the Fourth Amendment....").

5. Although appellees' entitlement to immunity precludes any need to address the issue substantively, we wish to indicate that even if it had been clearly established that the Fourth Amendment embraced malicious prosecution, appellant's claim suffered multiple defects, including that a substantial number of the similarly based investigations resulted in convic-

tions and that appellant has not identified any false information or a basis for believing appellees knew or should have known of it.

We note appellant's assertion that appellees' pursuit of an arrest warrant without a hearing, allegedly in violation of Rule 6 of the Puerto Rico Rules of Criminal Procedure, *see* 34 P.R. Laws Ann.App. II R. 6, evidences an awareness that their informant's lack of credibility would have been unveiled in a pre-arrest proceeding. The Rule, however, offers alternative procedures, including one without a hearing. Whether or not the rule was violated—and appellant fails to develop the point—we find it of little significance. He invokes the Rule to reinforce his argument that appellees knew that their key witness was unreliable—an allegation undermined by the successful prosecutions.