# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3085

_____

| | | |
|---|---|---|
| Michael Jefferson, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| City of Omaha Police Department; | * | of Nebraska. |
| Officer Patrick McCaslin, | * | |
| Individually and in His Official | * | |
| Capacity; City of Omaha, Nebraska, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 18, 2003

Filed: July 14, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and MELLOY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Michael Jefferson brought an action under 42 U.S.C. § 1983 against the City of Omaha, the Omaha Police Department, and Officer Patrick McCaslin. When the

district court[1] granted summary judgment in favor of the defendants on all claims, Mr. Jefferson appealed. We affirm.

## I.

"We review the district court's grant of summary judgment *de novo*." *Yarborough v. DeVilbiss Air Power, Inc.*, 321 F.3d 728, 730 (8th Cir. 2003). "Summary judgment is appropriate if, after viewing the evidence and all reasonable inferences from it in the light most favorable to the nonmoving party, there is no genuine issue as to any material fact." *Id.*; *see* Fed. R. Civ. P. 56(c).

Mr. Jefferson was cited for two counts of enticement in violation of an Omaha ordinance based on the allegations of two young boys. One of these boys alleged that a black man driving a red truck had asked him and his friend if they wanted a ride home. The boy also told the officer that he believed that the man was a local newspaper carrier and, in addition, the boy gave the officer the license plate number of the red truck. The officer, who knew that there had recently been two reported incidents of a man in a red truck trying to entice children into his vehicle with candy, verified the details of this story with the other boy who was present at the time of the alleged enticement. He also received assurances from the first boy's mother that her son was generally trustworthy.

Satisfied as to the veracity of the boys' representations, the officer traced the license plate number to a red truck registered to Mr. Jefferson. Mr. Jefferson matched the description given by the boys in all relevant respects. When the officer went to Mr. Jefferson's residence and asked if he could speak with him, Mr. Jefferson assented and invited the officer into his home. The officer proceeded to tell Mr. Jefferson about the allegations made by the boys. Mr. Jefferson acknowledged

---

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

-2-

that he had spoken with two boys that afternoon while delivering newspapers, but he denied having offered them a ride. The officer then called his supervisor, Officer McCaslin, who instructed him to cite Mr. Jefferson for two counts of enticement. Mr. Jefferson accompanied the officer to his police cruiser, the citations were issued, and the officer drove away. The next day, the children admitted that they had fabricated their story and all charges against Mr. Jefferson were immediately dropped. At no point was Mr. Jefferson taken into custody.

## II.

We consider first Mr. Jefferson's claim that his fourth amendment rights were violated. Mr. Jefferson's contention is that the government arrested him without probable cause, thereby depriving him of his right to be free from unreasonable seizures. The well established rule "that a warrantless arrest without probable cause violates an individual's [fourth amendment] rights," *Hannah v. City of Overland, Mo.*, 795 F.2d 1385, 1389 (8th Cir. 1986), however, does not help Mr. Jefferson in this case.

As an initial matter, we are not convinced that Mr. Jefferson has even been "seized" for the purpose of triggering fourth-amendment protection. The record clearly shows that the encounter between Mr. Jefferson and the police officer began as a consensual one. Such an encounter does not become a "seizure" unless a " 'reasonable person' " would not feel " 'free to leave.' " *See INS v. Delgado*, 466 U.S. 210, 215 (1984) (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980) (opinion of Stewart, J.)). The only times at which Mr. Jefferson can even plausibly argue that he was seized, in our view, was when the officer informed him that he would be issued a citation and during the time that it took to issue the citation. But it is unclear that a mere citation can be properly characterized as a seizure. Although Justice Ginsburg has expressed the opinion that a person is "seized" when the state uses a "summons in lieu of arrest to secure his presence in court," *Albright v. Oliver*, 510 U.S. 266, 279 (1994) (Ginsburg, J., concurring), a majority of the court has not

joined her in this view. And while our court has not taken up the matter, several of our sister circuits have been disinclined to expand fourth-amendment law in the direction that Justice Ginsburg suggested. For instance, the Sixth Circuit has held that a person was not seized by the issuance of a parking citation, *see DePiero v. City of Macedonia*, 180 F.3d 770, 789 (6th Cir. 1999), *cert. denied*, 528 U.S. 1105 (2000), and the First Circuit has held that the commencement of criminal proceedings against a defendant coupled with the requirement that he appear several times at the court's behest did not constitute a seizure, *see Nieves v. McSweeney*, 241 F.3d 46, 56 (1st Cir. 2001).

The disposition of this case, however, does not require us to resolve this issue. Even if there was a seizure here, that seizure was more like a temporary physical detention that requires reasonable suspicion, *see, e.g., Terry v. Ohio*, 392 U.S. 1, 16-19, 30 (1968), than a full-blown arrest requiring probable cause, *see, e.g., California v. Hodari D.*, 499 U.S. 621, 624-26 (1991). Considering that the facts in the present case are virtually indistinguishable from those in *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1263-66 (8th Cir. 1996), *cert. denied*, 519 U.S. 867 (1996), where we found that there was probable cause to make an arrest, we do not hesitate to conclude that even if the issuance of citations to Mr. Jefferson was a seizure for purposes of the fourth amendment, it was certainly a reasonable one. Summary judgment was therefore properly granted as to Mr. Jefferson's fourth amendment claims.

## III.

Mr. Jefferson also claims that the practices of the defendants resulted in the unequal enforcement of the Omaha ordinance that he was cited under, in violation of the fourteenth amendment. To succeed on a selective-prosecution claim, a plaintiff "must show both that the enforcement had a discriminatory effect, and that the enforcement was motivated by a discriminatory purpose." *United States v. Bell*, 86 F.3d 820, 823 (8th Cir. 1996), 519 U.S. 955 (1996). Mr. Jefferson has shown neither.

In order to establish a discriminatory effect, Mr. Jefferson must show that the law he was cited under was not enforced with the same vigor against persons of a different race. *See id.* But he does not offer any evidence as to the enforcement of the specific ordinance in this case. Instead, he offers generic evidence that 44% of the people arrested in his county are black although black people represent only 11% of the population. This evidence, standing alone, does not indicate a discriminatory effect in arrests generally, and it certainly does not indicate a discriminatory effect with respect to the specific ordinance at issue in this case.

Likewise, Mr. Jefferson has not shown that the defendants cited him based on an improper use of race. Mr. Jefferson was cited because he fit the description given by a witness to an alleged crime. Although that description included the suspect's race, it also included the suspect's gender, the color of his truck, the suspect's occupation, and the suspect's license plate number. In this context it was not improper for police officers to consider Mr. Jefferson's race in conjunction with the other aforementioned characteristics. We conclude that Mr. Jefferson has failed to produce evidence sufficient to create a genuine issue of material fact.

For the foregoing reasons, we affirm the order of the district court granting summary judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-