# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-3600

_____

Terry J. Harrington; Curtis W.
McGhee, Jr.,

        Appellees,

    v.

The City of Council Bluffs, Iowa;
Daniel C. Larsen; Lyle Brown,

        Appellants.

\*
\*
\*
\*
\*
\*    Appeal from the United States
\*    District Court for the Southern
\*    District of Iowa.
\*
\*
\*
\*
\*
\*
\*

_____

Submitted: September 19, 2011
Filed: April 30, 2012

_____

Before RILEY, Chief Judge, COLLOTON and GRUENDER, Circuit Judges.

_____

RILEY, Chief Judge.

     Terry J. Harrington and Curtis W. McGhee, Jr. (collectively, appellees) sued various defendants, including police officers Daniel C. Larsen and Lyle W. Brown (officers), under 42 U.S.C. §§ 1983 and 1985 and state law. The appellees claimed the defendants violated the appellees' rights during the Iowa state investigation and prosecution of the appellees for murder. The officers moved for summary judgment, asserting they are entitled to qualified immunity on the appellees' claims that can be

defeated if the officers had probable cause to arrest the appellees. The officers appeal the district court's denial of their motion. We reverse and remand for further proceedings on the appellees' remaining claims.

## I.    BACKGROUND
### A.    Factual Background[1]

In 1978, the appellees were convicted and sentenced to life imprisonment without parole for murdering John Schweer, a retired police officer who was working as a security guard at a car dealership. In 2002, the Iowa Supreme Court vacated Harrington's conviction and remanded the case for a new trial because the prosecutor violated Harrington's due process rights in failing to disclose exculpatory evidence in compliance with Brady v. Maryland, 373 U.S. 83 (1963). The new prosecutor decided not to retry Harrington and agreed to vacate McGhee's conviction. McGhee pled guilty, pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), to second-degree murder in exchange for a sentence of time served.

### B.    Procedural History

The appellees sued the officers, the prosecutors, Pottawattamie County, Iowa (County), and the City of Council Bluffs, Iowa under 42 U.S.C. §§ 1983 and 1985 and state law. The appellees generally contend the officers investigated them without probable cause to suspect them of the murder, knew the main prosecution witness had lied, coerced witnesses into lying in order to frame the appellees for murder, concealed this fact, and hid exculpatory evidence. As relevant to this appeal, the appellees argue these actions violated § 1983 by violating their (1) Fourth and Fourteenth Amendment rights against unreasonable seizure; (2) Fifth and Fourteenth

---

[1]For more factual details, see our previous opinion in McGhee v. Pottawattamie Cnty., Iowa, 547 F.3d 922, 925-28 (8th Cir. 2008), cert. granted, 129 S. Ct. 2002 (2009), cert. dismissed, 130 S. Ct. 1047 (2010). The parties resolved that case on appeal and the Supreme Court dismissed without entering a decision.

Amendment rights not to be deprived of their liberty without due process of law; and (3) Fourteenth Amendment right to equal protection of the laws by targeting them because they are African-American. Both appellees also alleged the officers and prosecutors conspired to deprive the appellees of equal protection of the laws, in violation of 42 U.S.C. § 1985. Harrington further contends the officers violated his First and Fourteenth Amendment rights to freedom of association and Sixth and Fourteenth Amendment rights to a fair trial. The appellees' cases were consolidated.

In 2007, the district court found the officers were entitled to qualified immunity regarding their failure to disclose exculpatory evidence because any failure did not violate a right that was clearly established when the appellees were prosecuted. See McGhee v. Pottawattamie Cnty., Iowa, 475 F. Supp. 2d 862, 911 (S.D. Iowa 2007), aff'd in part, rev'd in part, 547 F.3d 922 (addressing only the prosecutors' appeal from the district court's disposition of their motions in the same order). The district court also determined a reasonable jury could find the officers (1) lacked probable cause to arrest the appellees for murder, and (2) violated the appellees' due process rights by fabricating evidence. Id. at 890, 910, 913. The officers did not appeal these determinations. See generally McGhee, 547 F.3d at 925-26.

The appellees settled their claims against the County and the prosecutors. The district court dismissed the state-law claims as time barred.

In May 2010, the officers moved for judgment on the pleadings, maintaining the federal claims were untimely because they were akin to the tort of false imprisonment. The district court noted whether accrual of the § 1983 claims is based on false imprisonment rules or on malicious prosecution rules depends upon which of those torts most closely resembles the claims. See Wallace v. Kato, 549 U.S. 384, 388-89 (2007) (false imprisonment); Heck v. Humphrey, 512 U.S. 477, 484, 489-90 (1994) (malicious prosecution). The district court determined, if the appellees' claims are more similar to false imprisonment, the claims accrued when the appellees were

charged with murder in 1978—and therefore the claims were brought well after the applicable two-year statute of limitations expired. See Wallace, 549 U.S. at 389 ("[A] false imprisonment ends once the victim becomes held *pursuant to [legal] process*."). However, the district court denied the officers' summary judgment motion, finding the appellees' claims were more "in the nature of malicious prosecution," and, therefore, did not accrue until the appellees' convictions were vacated. Because the appellees sued within two years of their convictions being vacated, the district court determined the appellees complied with the applicable statute of limitations.

The officers again moved for summary judgment, arguing they were entitled to qualified immunity on the claims that could be defeated by showing probable cause because they had probable cause to believe the appellees had stolen cars. The district court disagreed, deciding the officers were not entitled to qualified immunity because they did not have probable cause to suspect the appellees of committing the crime with which they were charged—Schweer's murder. The officers timely appealed.

## II.    DISCUSSION

We have jurisdiction over this interlocutory appeal under 28 U.S.C. § 1291 and the collateral order doctrine. See Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1945-46 (2009). Our review of the district court's denial of summary judgment is de novo. See Morrison Enters., LLC v. Dravo Corp., 638 F.3d 594, 602 (8th Cir. 2011). "'Summary judgment is appropriate [if] the record, viewed in the light most favorable to [the appellees], demonstrates that there is no genuine issue of material fact and [the officers are] entitled to judgment as a matter of law.'" Id. (quoting Myers v. Lutsen Mtns. Corp., 587 F.3d 891, 893 (8th Cir. 2009)). "Qualified immunity is an affirmative defense for which the defendant carries the burden of proof. The plaintiff[s], however, must demonstrate that the law is clearly established." Sparr v. Ward, 306 F.3d 589, 593 (8th Cir. 2002).

It is unclear what seizure appellees rely upon for their Fourth Amendment claims. If appellees assert their arrest was the relevant seizure, then their claim is for false arrest. Or if appellees maintain the "sum of post-arraignment deprivations" was the relevant seizure, their claim is for malicious prosecution. See Nieves v. McSweeney, 241 F.3d 46, 54 (1st Cir. 2001). On appeal, the officers argue the district court converted the appellees' claims into a malicious prosecution claim.[2] Sufficient probable cause would defeat the appellees' § 1983 claims based on malicious prosecution and would not affect the appellees' remaining claims.[3]

If malicious prosecution is a constitutional violation at all, it probably arises under the Fourth Amendment.[4] See Albright v. Oliver, 510 U.S. 266, 271, 275

---

[2]The Supreme Court has used the terms "prosecution without probable cause" and "malicious prosecution" referring to the same claim. See Albright v. Oliver, 510 U.S. 266, 271 & n.4 (1994) (plurality opinion). Although differences between "prosecution without probable cause" and "malicious prosecution" may exist, we will use the parties' terminology—malicious prosecution.

[3]The district court's determinations that a reasonable jury could find the officers lacked probable cause to arrest the appellees for murder and violated the appellees' substantive due process rights by manufacturing evidence against them are the unappealed law of the case. See United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995) ("The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy."). Therefore, the officers' motion for summary judgment cannot affect the appellees' false arrest and substantive due process claims. See id. We express no opinion on the appellees' remaining claims.

[4]Though Albright may leave open the possibility of a procedural due process claim, that claim is not available here because Iowa "provides a tort remedy for malicious prosecution; indeed, [Harrington and McGhee] brought . . . state-law malicious prosecution claim[s], albeit after the statute of limitations had expired. (That fact does not affect the adequacy of the remedy.[)]" Albright, 510 U.S. at 285 (Kennedy, J., concurring); see Parratt v. Taylor, 451 U.S. 527, 540-41 (holding that

(1994) (plurality opinion); see also id. at 275-76 (Scalia, J., concurring); id. at 276 (Ginsburg, J., concurring); id. at 281 (Kennedy, J., concurring); id. at 286-91 (Souter, J., concurring).  The dispositive issue on appeal is whether the officers are entitled to qualified immunity on the appellees' Fourth Amendment claims based on malicious prosecution.

The officers assert qualified immunity on those claims requiring the appellees to show the officers acted without probable cause.  Officials being sued under § 1983 are entitled to qualified immunity for actions that did not violate a clearly established constitutional right at the time of the alleged violation such that reasonable officials acting in the officials' position would not have understood they were violating that right.  See Pearson v. Callahan, 555 U.S. 223, 236 (2009) (holding a court may analyze the two prongs of the Saucier v. Katz, 533 U.S. 194, 201-02 (2001), test—(1) a constitutional right (2) that is clearly established—in any sequence); Anderson v. Creighton, 483 U.S. 635, 639 (1987).

The Supreme Court in its 1994 Albright opinions declined to decide whether defendants have a Fourth Amendment right against malicious prosecution, but noted that malicious prosecution does not violate the right to substantive due process because "pretrial deprivations [a]re better addressed under the Fourth Amendment and not substantive due process."  Moran v. Clarke, 296 F.3d 638, 646-47 (8th Cir. 2002) (en banc) (citing Albright, 510 U.S. at 274-75 (plurality opinion)); see also

a state post-deprivation remedy satisfies procedural due process when the tortious deprivation of protected interests results from "a random and unauthorized act by a state employee"), overruled on other grounds by Daniel v. Williams, 474 U.S. 327, 330-31 (1986); see also Whalen v. Connelly, 621 N.W.2d 681, 687-88 (Iowa 2000) (stating the elements of the tort of malicious prosecution); Iowa Code § 670.2 (transferred from § 613A.2 in Code 1993) (waiving municipalities' sovereign immunity in tort actions); Nelson v. Steiner, 262 N.W.2d 579, 582 (Iowa 1978) (holding Iowa Code § 613A.2 (now § 670.2) does not prevent a tort action against municipal employees).

Albright, 510 U.S. at 283 (Kennedy, J., concurring). Moran distinguishes Albright and holds the Fourth Amendment does not preclude recognizing a substantive due process violation where law enforcement officers go beyond mere prosecution without probable cause and fabricate evidence in order to "falsely formulate a pretense of probable cause." Moran, 296 F.3d at 647. Our sister circuits have taken a variety of approaches on the issue of whether or when malicious prosecution violates the Fourth Amendment. See, e.g., Nieves, 241 F.3d at 53-54; Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 116-17 (2d Cir. 1995); Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000); Castellano v. Fragozo, 352 F.3d 939, 945, 953 (5th Cir. 2003); Newsome v. McCabe, 256 F.3d 747, 751 (7th Cir. 2001); Pierce v. Gilchrist, 359 F.3d 1279, 1290-91 (10th Cir. 2004); Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003). We need not enter this debate now.[5]

Assuming a Fourth Amendment right against malicious prosecution exists, such a right was not clearly established when the appellees were prosecuted in 1977 and 1978. In 1994, the Supreme Court described in Albright the "'embarrassing diversity of judicial opinion' [on] the extent to which a claim of malicious prosecution is actionable under § 1983." Albright, 510 U.S. at 270 & n.4 (quoting Albright v. Oliver, 975 F.2d 343, 345 (7th Cir. 1992)). The year before the conduct underlying the appellees' suit occurred, our court stated, "whether a malicious prosecution infringes on protected constitutional rights is undecided." Sartin v. Comm'r of Pub. Safety of Minn., 535 F.2d 430, 433 (8th Cir. 1976). Given this precedent, reasonable officers, in the officers' position here, could not have known in 1977 or 1978 that malicious prosecution violated appellees' Fourth Amendment rights.

---

[5]We also do not address the parties' arguments about whether probable cause to suspect appellees of car theft was sufficient to defeat a claim based on prosecution for murder without probable cause.

## III.  CONCLUSION

The officers are entitled to qualified immunity on any Fourth Amendment malicious prosecution or prosecution without probable cause claims. The district court erred in denying the officers' motion for summary judgment.  We reverse and remand for further proceedings on the appellees' remaining claims.

COLLOTON, Circuit Judge, dissenting.

This is an interlocutory appeal from an order of the district court denying a motion for summary judgment based on qualified immunity.  The motion raised a single argument—that the existence of probable cause to arrest the appellees for car theft required the dismissal of all "causes of action that are based upon a lack of probable cause."  R. Doc. 154, at 1.  The district court denied the motion.  The majority reverses the district court's decision based on a point of law that was not raised or decided on the motion for summary judgment, *ante*, at 7, and then declines to decide the question that was raised and decided.  *Ante*, at 7 n.5.  I disagree with this procedure and would affirm the district court's order on the narrow issue presented.

The relevant procedural history can be stated briefly.  In their complaints, the appellees alleged multiple causes of action.  Each plaintiff included a claim under 42 U.S.C. § 1983 based on the Fourth Amendment.  One plaintiff alleged that the investigation and prosecution caused an "unreasonable arrest and incarceration in violation of the Fourth and Fourteenth Amendments."  No. 4:05-cv-00255, R. Doc. 1, at ¶ 318.  The other asserted a violation of "his rights against unreasonable seizures of his body guaranteed him by the Fourth Amendment."  No. 4:05-cv-00178, R. Doc. 1, at ¶ 321.[6]

---

[6]The court thinks it is unclear "what seizure appellees rely upon for their Fourth Amendment claims," *ante*, at 4-5, but it should be clear from the complaints that they rely on the arrest for murder (with legal process) and their continued detention pending, during, and after trial. *But cf. Wilson v. Spain*, 209 F.3d 713, 715-16 & n.2

In 2007, the appellants moved for judgment as a matter of law on the plaintiffs' civil rights claims, including the Fourth Amendment claims. No. 4:05-cv-00255, R. Doc. 100; No. 4:05-cv-00178, R. Doc. 90. The district court ruled that the appellants were not entitled to qualified immunity, *McGhee v. Pottawattamie Cnty.*, 475 F. Supp. 2d 862, 910 (S.D. Iowa 2007); R. Doc. 174, at 79, and the appellants did not appeal. In 2010, the appellants moved for judgment on the pleadings on the Fourth Amendment claims based on the statute of limitations. They argued that if the Fourth Amendment claims were in the nature of malicious prosecution, such that they were not barred by the two-year statute of limitations, *see Wallace v. Kato*, 549 U.S. 384, 388-392 (2007), then the appellants were entitled to qualified immunity because the appellees' alleged rights were not clearly established. R. Doc. 151-2, at 6-7. The district court rejected the argument and denied the motion in an order dated October 8, 2010. R. Doc. 224, at 11 & n.5. The appellants did not appeal that order.

The only order from which the appellants appealed is the district court's order of October 18, 2010, denying a motion for summary judgment. R. Doc. 237; *see Harrington v. Wilber*, 743 F. Supp. 2d 1006 (S.D. Iowa 2010); R. Doc. 225. That motion relied only on the alleged existence of probable cause to arrest for car theft as a reason to dismiss appellees' Fourth Amendment claims. R. Doc. 154-3, at 5-9.[7]

_____

(8th Cir. 2000) (discussing when the Fourth Amendment might apply "[b]etween arrest and sentencing"); *Torres v. McLaughlin*, 163 F.3d 169, 174-75 (3d Cir. 1998) (holding that "post-conviction incarceration cannot be a seizure within the meaning of the Fourth Amendment"). The court's reference to the possibility of a seizure arising from the "sum of post-arraignment deprivations," *ante*, at 5, is inapposite, because the appellees were never released between their arrest and trial. *Cf. Albright v. Oliver*, 510 U.S. 266, 278-79 (1994) (Ginsburg, J., concurring); *Jefferson v. City of Omaha Police Dep't*, 335 F.3d 804, 806 (8th Cir. 2003); *Technical Ordnance, Inc., v. United States*, 244 F.3d 641, 651 (8th Cir. 2001).

[7]The motion did not specify, by reference to the appellees' complaints, which particular causes of action the motion sought to defeat. On appeal, the appellants appear to focus on the Fourth Amendment claims pleaded by the appellees.

When the appellees moved to dismiss this appeal based on the law of the case, the appellants responded that "they have never before asserted that they had *probable cause to suspect Plaintiffs of car theft and, thus, are entitled to qualified immunity* on Plaintiffs claims requiring a *prima facie* showing of a lack of probable cause." Resp. to Mot. to Dismiss, Dec. 3, 2010, at 8 (emphasis added). The narrow scope of this appeal was thus seemingly confirmed.

The court acknowledges that the motion for summary judgment underlying this appeal sought dismissal of "claims that could be defeated by showing probable cause because they had probable cause to believe the appellees had stolen cars." *Ante*, at 4. The court then switches gears, however, and addresses an entirely different issue on appeal—whether "a Fourth Amendment right against malicious prosecution" was clearly established in 1977 and 1978. I see no sound justification for expanding the scope of this appeal to consider other qualified-immunity issues that the appellants declined to raise on appeal either in 2007 or in response to the district court's order of October 8, 2010. The appellants can raise those matters at trial and on appeal after judgment, *see Ortiz v. Jordan*, 131 S. Ct. 884, 889 (2011), but they cannot use an order on a different qualified-immunity motion to revive a potential appeal that was not taken in the proper course.

This is not to say that I would disagree with the court on the merits of the legal issue that it decides, for the court's conclusion draws support from *Albright*, 510 U.S. at 270 n.4, and *Sartin v. Commissioner of Public Safety*, 535 F.2d 430, 433 (8th Cir. 1976), as well as decisions of other circuits in the wake of *Albright*. *See Rodriguez-Mateo v. Fuentes-Agostini*, 66 F. App'x 212, 213-14 (1st Cir. 2003); *Osborne v. Rose*, 133 F.3d 916, 1998 WL 17044, at *4-5 (4th Cir. 1998) (unpublished table decision). The court does mistakenly characterize one aspect of the appellees' Fourth Amendment claims as a "false arrest" claim. *Ante*, at 5 & n.3. Because the appellees were arrested with legal process, their Fourth Amendment claims are analogous to claims of malicious prosecution, not false arrest. *Wallace*, 549 U.S. at 389-90; *Heck*

*v. Humphrey*, 512 U.S. 477, 484 (1994); *Wilkins v. DeReyes*, 528 F.3d 790, 798-99 (10th Cir. 2008); *Nieves v. McSweeney*, 241 F.3d 46, 54 (1st Cir. 2001); *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995).  We know that one aspect of a Fourth Amendment malicious prosecution claim—i.e., a claim alleging that an officer caused an unconstitutional arrest with warrant by presenting a judge with a complaint and supporting affidavit that obviously failed to establish probable cause—was clearly established as of 1986, *see Malley v. Briggs*, 475 U.S. 335, 341 (1986), but whether such a right was clearly established in 1977 is debatable. *Compare Sartin*, 535 F.2d at 433, *and Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982), *with Jones v. Perrigan*, 459 F.2d 81, 82-83 (6th Cir. 1972).  Although the court's conclusion declares broadly that "the officers are entitled to qualified immunity on *any* Fourth Amendment malicious prosecution or prosecution without probable cause claims," *ante*, at 8 (emphasis added), it appears that the *Malley*-type claim remains in the case, *see* 475 F. Supp. 2d at 910, and that a qualified-immunity defense may be renewed by the appellants at trial.  *Ante*, at 5 n.3, 7 n.5.

As for the issue actually raised and decided in the district court, I would affirm, but for reasons different than those given by the district court.  There are potentially conflicting signals in the case law about whether the existence of probable cause to arrest the appellees for car theft would defeat some or all of appellees' Fourth Amendment claims.  *Compare Johnson v. Knorr*, 477 F.3d 75, 83-84 (3d Cir. 2007), *and Posr v. Doherty*, 944 F.2d 91, 100 (2d Cir. 1991), *with Brooks v. City of Aurora*, 653 F.3d 478, 485 (7th Cir. 2011).  I would not reach that issue, because there are genuine issues of fact about whether the appellants had probable cause to arrest the appellees for car theft.  The record includes police reports from 1977 that, according to the appellants, established the requisite probable cause.  But probable cause must be based on facts that are known to the arresting officer, *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004), or known collectively by investigating officers who are in "some degree of communication." *United States v. Frasher*, 632 F.3d 450, 453 (8th Cir. 2011).  The record on this motion includes no affidavits from the appellant

-11-

officers establishing what they knew and when they knew it—both concerning evidence that inculpated the appellees in a car theft ring and evidence that detracted from a showing of probable cause—or establishing the degree of communication between the appellants and other officers who authored reports that appear in the record. Because these facts must be determined before the legal issues can be resolved, I would affirm the district court's order on the narrow issue presented.

_____