COLLOTON, Circuit Judge,
dissenting.
This is an interlocutory appeal from an order of the district court denying a motion for summary judgment based on qualified immunity. The motion raised a single argument — that the existence of probable cause to arrest the appellees for car theft required the dismissal of all “causes of action that are based upon a lack of probable cause.” R. Doc. 154, at 1. The district court denied the motion. The majority reverses the district court’s decision based on a point of law that was not raised or decided on the motion for summary judgment, ante, at 682, and then declines to decide the question that was raised and decided. Ante, at 680 n. 5. I disagree with this procedure and would affirm the district court’s order on the narrow issue presented.
The relevant procedural history can be stated briefly. In their complaints, the appellees alleged multiple causes of action. Each plaintiff included a claim under 42 U.S.C. § 1983 based on the Fourth Amendment. One plaintiff alleged that the investigation and prosecution caused an “unreasonable arrest and incarceration in violation of the Fourth and Fourteenth Amendments.” No. 4:05-cv-00255, R. Doc. 1, at ¶ 318. The other asserted a violation of “his rights against unreasonable seizures of his body guaranteed him by the Fourth Amendment.” No. 4:05-cv-00178, R. Doc. 1, at ¶ 321.[6]
In 2007, the appellants moved for judgment as a matter of law on the plaintiffs’ civil rights claims, including the Fourth Amendment claims. No. 4:05-cv-00255, R. Doc. 100; No. 4:05-cv-00178, R. Doc. 90. The district court ruled that the appellants were not entitled to qualified im *682 munity, McGhee v. Pottawattamie Cnty., 475 F.Supp.2d 862, 910 (S.D.Iowa 2007); R. Doc. 174, at 79, and the appellants did not appeal. In 2010, the appellants moved for judgment on the pleadings on the Fourth Amendment claims based on the statute of limitations. They argued that if the Fourth Amendment claims were in the nature of malicious prosecution, such that they were not barred by the two-year statute of limitations, see Wallace v. Kato, 549 U.S. 384, 388-392, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), then the appellants were entitled to qualified immunity because the appellees’ alleged rights were not clearly established. R. Doc. 151-2, at 6-7. The district court rejected the argument and denied the motion in an order dated October 8, 2010. R. Doc. 224, at 11 & n. 5. The appellants did not appeal that order.
The only order from which the appellants appealed is the district court’s order of October 18, 2010, denying a motion for summary judgment. R. Doc. 237; see Harrington v. Wilber, 743 F.Supp.2d 1006 (S.D.Iowa 2010); R. Doc. 225. That motion relied only on the alleged existence of probable cause to arrest for car theft as a reason to dismiss appellees’ Fourth Amendment claims. R. Doc. 154-3, at 5-9.[7] When the appellees moved to dismiss this appeal based on the law of the case, the appellants responded that “they have never before asserted that they had probable cause to suspect Plaintiffs of car theft and, thus, are entitled to qualified immunity on Plaintiffs claims requiring a prima facie showing of a lack of probable cause.” Resp. to Mot. to Dismiss, Dec. 3, 2010, at 8 (emphasis added). The narrow scope of this appeal was thus seemingly confirmed.
The court acknowledges that the motion for summary judgment underlying this appeal sought dismissal of “claims that could be defeated by showing probable cause because they had probable cause to believe the appellees had stolen cars.” Ante, at 679. The court then switches gears, however, and addresses an entirely different issue on appeal — whether “a Fourth Amendment right against malicious prosecution” was clearly established in 1977 and 1978. I see no sound justification for expanding the scope of this appeal to consider other qualified-immunity issues that the appellants declined to raise on appeal either in 2007 or in response to the district court’s order of October 8, 2010. The appellants can raise those matters at trial and on appeal after judgment, see Ortiz v. Jordan, — U.S. -, 131 S.Ct. 884, 889, 178 L.Ed.2d 703 (2011), but they cannot use an order on a different qualified-immunity motion to revive a potential appeal that was not taken in the proper course.
This is not to say that I would disagree with the court on the merits of the legal issue that it decides, for the court’s conclusion draws support from Albright, 510 U.S. at 270 n. 4, 114 S.Ct. 807, and Sartin v. Commissioner of Public Safety, 535 F.2d 430, 433 (8th Cir.1976), as well as decisions of other circuits in the wake of Albright. See Rodriguez-Mateo v. Fuentes-Agostini, 66 Fed.Appx. 212, 213-14 (1st Cir. 2003); Osborne v. Rose, 133 F.3d 916, 1998 WL 17044, at *4-5 (4th Cir.1998) (unpublished table decision). The court does mistakenly characterize one aspect of the appellees’ Fourth Amendment claims as a “false arrest” claim. Ante, at 682 & n. 3. Because the appellees were arrested with legal process, their Fourth Amendment claims are analogous to claims of malicious prosecution, not false arrest. Wallace, 549 U.S. at 389-90, 127 S.Ct. 1091; Heck v. *683 Humphrey, 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); Wilkins v. DeReyes, 528 F.3d 790, 798-99 (10th Cir.2008); Nieves v. McSweeney, 241 F.3d 46, 54 (1st Cir.2001); Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 117 (2d Cir.1995). We know that one aspect of a Fourth Amendment malicious prosecution claim— i.e., a claim alleging that an officer caused an unconstitutional arrest with warrant by presenting a judge with a complaint and supporting affidavit that obviously failed to establish probable cause — was clearly established as of 1986, see Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986), but whether such a right was clearly established in 1977 is debatable. Compare Sartin, 535 F.2d at 433, and Smith v. Gonzales, 670 F.2d 522, 526 (5th Cir.1982), with Jones v. Perrigan, 459 F.2d 81, 82-83 (6th Cir.1972). Although the court’s conclusion declares broadly that “the officers are entitled to qualified immunity on any Fourth Amendment malicious prosecution or prosecution without probable cause claims,” ante, at 681 (emphasis added), it appears that the Malley-type claim remains in the case, see 475 F.Supp.2d at 910, and that a qualified-immunity defense may be renewed by the appellants at trial. Ante, at 679 n. 3, 680 n. 5.
As for the issue actually raised and decided in the district court, I would affirm, but for reasons different than those given by the district court. There are potentially conflicting signals in the case law about whether the existence of probable cause to arrest the appellees for car theft would defeat some or all of appellees’ Fourth Amendment claims. Compare Johnson v. Knorr, All F.3d 75, 83-84 (3d Cir.2007), and Posr v. Doherty, 944 F.2d 91, 100 (2d Cir.1991), with Brooks v. City of Aurora, 653 F.3d 478, 485 (7th Cir.2011). I would not reach that issue, because there are genuine issues of fact about whether the appellants had probable cause to arrest the appellees for car theft. The record includes police reports from 1977 that, according to the appellants, established the requisite probable cause. But probable cause must be based on facts that are known to the arresting officer, Devenpeck v. Alford, 543 U.S. 146, 152, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004), or known collectively by investigating officers who are in “some degree of communication.” United States v. Frasher, 632 F.3d 450, 453 (8th Cir.2011). The record on this motion includes no affidavits from the appellant officers establishing what they knew and when they knew it — both concerning evidence that inculpated the appellees in a car theft ring and evidence that detracted from a showing of probable cause — or establishing the degree of communication between the appellants and other officers who authored reports that appear in the record. Because these facts must be determined before the legal issues can be resolved, I would affirm the district court’s order on the narrow issue presented.

. The court thinks it is unclear “what seizure appellees rely upon for their Fourth Amendment claims,” ante, at 679, but it should be clear from the complaints that they rely on the arrest for murder (with legal process) and their continued detention pending, during, and after trial. But cf. Wilson v. Spain, 209 F.3d 713, 715-16 & n. 2 (8th Cir.2000) (discussing when the Fourth Amendment might apply "[bjetween arrest and sentencing”); Torres v. McLaughlin, 163 F.3d 169, 174-75 (3d Cir.1998) (holding that "post-conviction incarceration cannot be a seizure within the meaning of the Fourth Amendment”). The court's reference to the possibility of a seizure arising from the "sum of post-arraignment deprivations,” ante, at 679, is inapposite, because the appellees were never released between their arrest and trial. Cf. Albright v. Oliver, 510 U.S. 266, 278-79, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (Ginsburg, J., concurring); Jefferson v. City of Omaha Police Dep’t, 335 F.3d 804, 806 (8th Cir.2003); Technical Ordnance, Inc., v. United States, 244 F.3d 641, 651 (8th Cir.2001).

. The motion did not specify, by reference to the appellees' complaints, which particular causes of action the motion sought to defeat. On appeal, the appellants appear to focus on the Fourth Amendment claims pleaded by the appellees.