Terry HARRINGTON and Curtis
W. McGhee, Jr., Plaintiffs,

v.

CITY OF COUNCIL BLUFFS, IOWA,
Daniel C. Larsen, in his individual
and official capacities, and Lyle W.
Brown, in his individual and official
capacities, Defendants.

Nos. 4:03–cv–90616 (Lead Case), 4:05–
cv–00178, 4:05–cv–00255.

United States District Court,
S.D. Iowa,
Central Division.

Oct. 27, 2012.

Stephen Dillard Davis, Steve Davis Law
PC, Oak Brook, IL, Thomas P. Frerichs,
Frerichs Law Office, Waterloo, IA, William H. Jones, Canel Davis & King, Chicago, IL, Larissa A. McCalla, Spence Shockey & McCalla, J. Douglas McCalla, Spence
Law Firm, Mel C. Orchard, Gerald L.
Spence, The Spence Law Firm LLC, Jackson, WY, Alan O. Olson, Olson Law Office
PC, Des Moines, IA, for Plaintiffs.

David Stephen Baker, Fisher Patterson
Sayler & Smith LLP, Overland Park, KS,
Robert M. Livingston, Kristopher K.
Madsen, Stuart Tinley Law Firm LLP,
Michael A. Sciortino, Council Bluffs City
Attorneys Office, Council Bluffs, IA, for
Defendants.

## ORDER

ROBERT W. PRATT, District Judge.

Before the Court are the following motions in limine by Curtis W. McGhee, Jr. ("McGhee") and Terry Harrington[1] ("Harrington") (collectively "Plaintiffs"): (1) To Exclude Evidence of Car Theft (Clerk's No. 274); (2) To Exclude Evidence of McGhee's October 7, 1977 Statement and Polygraph (Clerk's No. 278); (3) To Exclude Evidence of Gunpowder on Harrington's Jacket (Clerk's No. 279); (4) To Exclude Evidence of Joe Rogers' Calendar (Clerk's No. 281); (5) To Exclude Evidence of Shotgun Shells in Harrington's Trunk (Clerk's No. 284); and (6) To Exclude Evidence that Harrington Had a Shotgun in His Trunk and Pointed It at McGhee (Clerk's No. 285). The City of Council Bluffs, Daniel Larsen, and Lyle Brown (collectively "Defendants") responded on September 10 and 21, 2012. Clerk's Nos. 291, 295. Plaintiffs replied on September 20 and October 1, 2012. Clerk's Nos. 293, 300. The matters are fully submitted.

## I. MOTIONS

What these motions have in common is that they relate to the same issue—whether Defendants had probable cause to suspect Harrington and McGhee (collectively "Plaintiffs") of murdering Schweer. Plaintiffs argue that the holding of *Harrington v. City of Council Bluffs* effectively rendered the issue of probable cause inconsequential. *See* Clerk's Nos. 274–1 at 2, 278–1 at 2, 279–1 at 2, 281–1 at 3, 284–1 at 1, 285–1 at 1 (citing *Harrington*, 678 F.3d 676 (8th Cir.2012) (holding that Defendants "are entitled to qualified immunity on any Fourth Amendment malicious prosecution or prosecution without probable cause claims")). Thus, according to Plain-

tiffs, any evidence related to whether Defendants had probable cause is inadmissible as irrelevant or as having the potential to confuse the issues and mislead the jury. *See* Clerk's Nos. 274–1 at 2–4, 278–1 at 2–3, 279–1 at 3–4, 281–1 at 3–4, 284–1 at 2–3, 285–1 at 2. Defendants disagree with Plaintiffs' interpretation of the *Harrington* holding and argue that any evidence related to the issue of probable cause is relevant and that the jury must hear it. *See* Clerk's Nos. 291 at 22–24; 295 at 11–15, 17–19, 26–29, 32–33, 33–34. In particular, Defendants point out that the Circuit recognized that Plaintiffs' claims of substantive due process violations are cognizable under *Moran v. Clarke*, which "holds the Fourth Amendment does not preclude recognizing a substantive due process violation where law enforcement officers go beyond mere prosecution without probable cause and fabricate evidence in order to 'falsely formulate a pretense of probable cause.'" *Harrington*, 678 F.3d at 680 (quoting *Moran*, 296 F.3d 638, 647 (8th Cir.2002) (en banc)). Thus, according to Defendants, "evidence that Defendants did not fabricate evidence and evidence that Defendants correctly formulated probable cause is relevant." Defs.' Resistance (Clerk's No. 291) at 23.

### A. *Clerk's Nos. 278–79, 281, 284–85*

■ After careful consideration, the Court agrees with Defendants. Plaintiffs' assertion that the issue of probable cause is of no consequence to the remaining claims in this case is without merit and their reliance on *Harrington* is misplaced. *See* Clerk's Nos. 274–1 at 2, 278–1 at 2, 279–1 at 2, 281–1 at 3, 284–1 at 1, 285–1 at 1. *Harrington's* holding cannot be reasonably read to lend credence to Plaintiffs' argument. All that the case holds is that

---

1. Though filed by McGhee, Harrington sought and was granted leave to join in the motions.

*See* Clerk's Nos. 276, 287, 303.

"[t]he officers are entitled to qualified immunity on any *Fourth Amendment* malicious prosecution or prosecution without probable cause claims." *Harrington,* 678 F.3d at 681 (emphasis added). Nothing in the holding suggests that evidence related to the issue of probable cause is irrelevant to any issue in the case. Indeed, the Eighth Circuit emphasized the importance of such evidence by summarizing Plaintiffs' claims as follows: "[Plaintiffs] generally contend the officers investigated them without probable cause to suspect them of the murder, knew the main prosecution witness had lied, coerced witnesses into lying in order to frame [Plaintiffs] for murder, concealed this fact, and hid exculpatory evidence." *Harrington,* 678 F.3d at 678. These allegations form the crux of Plaintiffs' case.

By way of defense, Defendants seek to place into evidence the information and evidence they had at the time of the investigation that led them to pursue Plaintiffs for Schweer's murder. Though it would undoubtedly be beneficial to Plaintiffs to prohibit the jury from hearing such evidence, doing so would fundamentally deprive Defendants of their right to defend themselves from Plaintiffs' claims against them. Indeed, the determination of *what* Defendants did and did not reasonably do in investigating Schweer's murder, and the determination of whether such actions violated the Plaintiffs' constitutional rights, are matters that lie squarely within the province of the jury. To make such determinations, the jury must be presented with all relevant evidence that is not inadmissible for some other purpose. To this end, the evidence sought to be excluded is relevant because it relates to whether and to what extent Defendants' had probable cause to believe Plaintiffs murdered Schweer.

Despite the Eighth Circuit's decision in *Harrington,* probable cause is still very relevant to the claims in this case. Accordingly, Plaintiffs' motions in limine: (1) To Exclude Evidence of McGhee's October 7, 1977 Statement and Polygraph (Clerk's No. 278); (2) To Exclude Evidence of Gunpowder on Harrington's Jacket (Clerk's No. 279); (3) To Exclude Evidence of Joe Rogers Calendar (Clerk's No. 281); (4) To Exclude Evidence of Shotgun Shells in Harrington's Trunk (Clerk's No. 284); and (5) To Exclude Evidence that Harrington Had a Shotgun in His Trunk and Pointed It at McGhee (Clerk's No. 285) are DENIED.

### B. *Clerk's No. 274*

■ Plaintiffs' argument for excluding evidence related to Plaintiffs' alleged involvement in car thefts is slightly stronger, yet still unavailing. In addition to relying on *Harrington* for the assertion that the issue of probable cause is of no consequence, Plaintiffs point out that the claims in this case stem from their wrongful arrest, prosecution, conviction, and imprisonment for the Schweer murder, not for stealing cars. *See* Clerk's No. 274–1 at 2–3. Defendants resist Plaintiffs' Motion, noting that "the State charged Plaintiffs with three forms of murder, including murder in the perpetration of or attempt to perpetrate a robbery." Clerk's No. 291 at 20. Therefore, Defendants argue, whether they had evidence sufficient to establish probable cause to suspect Plaintiffs of car theft is relevant, and the Court should not preclude Defendants from introducing such evidence. *See id.* at 20–21. The Court agrees.

Schweer was a night security guard at a car dealership and was killed while on duty. Thus, evidence showing that Defendants had probable cause to suspect Plaintiffs of stealing cars is relevant. Furthermore, the Court finds that the evidence remains relevant despite the fact that, during Plaintiffs' 1978 murder trials, the jury

did not receive a felony murder instruction. *See* Clerk's No. 293 at 17 n. 6. If, at trial, Defendants introduce evidence pertaining to the alleged car thefts, Plaintiffs will be permitted to present evidence concerning the final jury instructions given to the jury during their 1978 trial. The Court concludes that such a balanced approach will permit the introduction of the evidence at issue without prejudicing the parties' rights to a fair trial.

## II. CONCLUSION

For the reasons above, Plaintiffs' Motions (Clerk's Nos. 274, 278–79, 281, 284–85) are DENIED.

IT IS SO ORDERED.

